## FERNBACH v. CITY OF WATERLOO.

1. **Negligence**: DEFECTIVE STREET: CONTRIBUTORY NEGLIGENCE: EVIDENCE UNDER GENERAL DENIAL. In an action against a city for negligence resulting in injury to the plaintiff while driving on its streets, plaintiff must allege and prove that he was free from contributory negligence, and defendant may, under a general denial, prove acts constituting contributory negligence on his part. And in this case, *held* that defendant was properly permitted, under a general denial, to prove that plaintiff was intoxicated at the time of the accident, which was at night;—it being beyond controversy that it is negligence for an intoxicated person to drive on the streets of a city in the night-time.

2. ——— : ——— : ——— : UNLAWFUL DRIVING : EVIDENCE : ORDINANCE. In such case defendant, for the purpose of showing contributory negligence, was also properly permitted to prove an ordinance of the city making it a misdemeanor to drive at an immoderate speed upon its streets, although no proof of immoderate driving on plaintiff's part had yet been introduced; for it might be introduced afterwards. But a failure afterwards to introduce it would not make the admission of the ordinance erroneous.

3. **Appeal**: REVIEWING INSTRUCTIONS : PRESUMPTION. Where all the instructions are not before this court, and it appears that the instructions shown by the record, with other instructions added, would fully present the law of the case, this court will presume that the necessary additional instructions were given.

*Appeal from Black Hawk District Court.*—HON. D. J. LENEHAN, Judge.

FILED, JANUARY 22, 1889.

Fernbach v. City of Waterloo.

ACTION to recover for personal injuries alleged to have been received by reason of defects on one of the streets of the defendant city. There was a judgment upon a verdict for defendant. Plaintiff appeals.

*Boies, Husted & Boies,* for appellant.

*Heber Hoff* and *C. W. Mullen,* for appellee.

BECK, J.—I. At a former term of this court an opinion was filed in this case reversing the judgment of the district court. A petition for a rehearing was filed, and the cause has been again argued and submitted. We do not now reach the same conclusion announced in our former opinion. The plaintiff was in the night driving upon one of the streets of the defendant city, and his vehicle, by reason of some defect in the street, was upset, whereby he sustained injury. The abstract before us does not purport to present all the evidence given in the case, nor to contain all the instructions given to the jury. But it appears that there was evidence tending to show defendant's negligence in suffering the existence of the defect, and that plaintiff was free from negligence contributing to the injury.

II. The defendant was permitted, against plaintiff's objection, to introduce evidence tending to show that at the time of the accident plaintiff was intoxicated. Of this ruling plaintiff now complains. The objection to the admission of the evidence is based upon a statutory rule of pleadings presented in Code, section 2704, which is in these words: "Under a denial of an allegation, no evidence shall be introduced which does not tend to negative some fact the party making the controverted allegation is bound to prove." Brief consideration, we think, will show that the admission of the evidence is not erroneous, under this statute. The plaintiff is required, under a familiar rule prevailing in this state, to allege and prove that he was free from contributory negligence. The allegation to this

1. NEGLIGENCE: defective street: contributory negligence: evidence under general denial.

effect is controverted by defendant, either by a general denial or a special answer to that effect. It is the "controverted allegation" of the section, and it avers absence of contributory negligence. This is a fact which plaintiff, who makes this "controverted allegation," is bound to prove. Now, evidence tending to negative this fact is authorized, by the section quoted, to be introduced by the defendant. Plaintiff's intoxication, if shown, would establish his negligence ; for no one can deny that it is negligence for an intoxicated man to drive a team in the street of a city at night. Evidence of intoxication of plaintiff at the time of the accident was therefore rightly admitted.

III. The defendant was permitted to introduce in evidence an ordinance of the city providing that any one who shall ride or drive in any street of the city beyond a moderate gait, unless in case of urgent necessity, shall be guilty of a misdemeanor. It will not be denied that any act of the plaintiff tending to cause the injury, which is a misdemeanor, would be in law contributory negligence on his part. This proposition demands in its support neither discussion nor authority. If plaintiff drove beyond a moderate gait, in the absence of necessity therefor, and the ordinance referred to was in force, he was guilty of contributory negligence. Two facts must be shown to establish contributory negligence from immoderate driving : (1) Actual immoderate driving ; (2) the existence of the ordinance. Now, defendant is permitted to show contributory negligence, and may, of course, prove these facts establishing it. As the abstract before us does not purport to present all the evidence, we cannot inquire whether there was evidence upon these points, or the extent of it. If it were shown that there was absolutely no evidence tending to show immoderate driving, and none was proposed to be introduced, it may be that it would be regarded that there was no foundation for the introduction of the ordinance. But parties are not restricted as to the order of the

*2. ——:——:*
*——: unlawful driving: evidence: ordinance.*

introduction of evidence. The defendant was authorized to introduce the ordinance first, and the evidence of immoderate driving afterwards. But, if he failed to introduce the last-named evidence, it did not make the introduction of the ordinance erroneous.

IV. Complaint is made of certain instructions given to the jury. The abstract does not purport to present all the instructions given. If it be conceded that the instructions given do not fully present or correctly announce the law, it is plain that any such error could have been corrected by other instructions. In other words, instructions added to those found in the abstract would present fully and correctly the law applicable to the case. Exercising the presumption always required to support a judgment of the court below, we will not reverse the case, but will rather presume that full and correct instructions were given. The foregoing discussion disposes of all questions in the case. The judgment of the district court is

