ARCHIE COSNER v. CITY OF CENTERVILLE, Appellant.

**Contributory Negligence:** NEEDLESSLY ATTEMPTING UNSAFE PASSAGE.   Plaintiff can not recover for injury by falling on an icy sidewalk, though he was careful in passing over it, if the teamway in the road, parallel to the sidewalk, was safe and could have been used by him. (1)

NON PREJUDICIAL INSTRUCTION.   A charge that a city is liable if it allows accumulations of ice and snow to render its sidewalks unsafe for passage, is erroneous; but a modification that it is entitled to reasonable time to remedy a defect after it knows, or should have known, of it, cures the error. (2)

*Appeal from Appanoose District Court.*—HON. H. C. TRAVERSE, Judge.

MONDAY, JANUARY 29, 1894.

ACTION to recover for personal injuries alleged to have been caused by the negligence of defendant in permitting snow and ice to accumulate on one of its sidewalks. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.—*Reversed.*

*T. M. Fee* for appellant.

*L. C. Mechem* and *Geo. D. Porter* for appellee.

ROBINSON, J.—The plaintiff fell on a sidewalk of the defendant on the twelfth day of January, 1891, and received the injuries of which he complains. There is much conflict in the evidence in regard to the place where he fell, and in regard to the condition of the walk. The plaintiff contends that the place of the accident was six or eight feet south of a street which extended from east to west, on a walk which extended from south to north, on the west side of an intersecting street, and that the walk at that place was entirely covered with ice, which was five inches thick in one place, and thinner at the edges; that it had been there in substantially the same condition for several days; that it was originally a snowdrift, which was formed at the corner about the first of January, and extended lengthwise of the walk, and had never been removed. The plaintiff is corroborated as to these matters by several witnesses. Numerous witnesses on the part of the defendant testify that the place of the accident was thirty or more feet further south than the place designated by the plaintiff, and that there was no ice on the walk at the time of the accident, neither at the place fixed by

the plaintiff, nor at that fixed by witnesses for the defendant, excepting sleet which had fallen the night before. There was a fair conflict in the evidence in regard to those matters, and it was within the province of the jury to determine the facts. We think they were authorized to find that they were as claimed by the plaintiff. But it is said that the evidence shows clearly that the negligence of the plaintiff contributed to the accident. The place of the accident was at the corner of the lot on which plaintiff resided, and within two hundred feet of his house. His customary route to and from his place of business was over that spot, and he had passed over it twice each day, excepting Sunday, for several days. He states that its condition was about the same Monday morning, when he fell, that it was Friday and Saturday of the preceding week, excepting that the ice had thawed some on Saturday. The plaintiff had been a cripple for some years, and was unable to walk without crutches. He could not balance himself on his feet, and, when he moved, he rested his weight on his crutches, and drew his legs after him. He knew the ice was there when he left his house, and saw it when he reached it, and before he put his crutches upon it. After he put his crutches upon it, his feet slipped, and the accident occurred. If the walk was in a dangerous condition, he was as fully informed of the fact as the defendant could have been, and must have known that it was dangerous for him to attempt to pass over it. But whether he was negligent in what he did depends upon the necessity for making the attempt, and the care he used. The mere fact that the sidewalk was unsafe would not defeat his recovery. *Byerly v. City of Anamosa*, 79 Iowa, 206, 44 N. W. Rep. 359; *Walker v. Decatur Co.*, 67 Iowa, 308, 25 N. W. Rep. 256; *Rice v. City of Des Moines*, 40 Iowa, 642; *Hartman v. City of Muscatine*, 70 Iowa, 511, 30 N. W. Rep. 859. But, in the case last cited, it was said of one who had been

injured in attempting to pass over a dangerous part of a street that "if, knowing it was dangerous, he knew or ought to have known that it was not prudent to walk over the crossing, and down the slope, and there was another way he could have taken without material inconvenience, then he can not recover." The cases of *Parkhill v. Town of Brighton,* 61 Iowa, 108, 15 N. W. Rep. 853, and *McGinty v. City of Keokuk,* 66 Iowa, 726, N. W. Rep. 506, announced the same doctrine. The plaintiff claims that there was no other way to his place of business than the one over the ice, and that, when he fell, he was using all the care possible. But the admitted facts do not sustain those claims. The street in front of his house, and parallel with the sidewalk, was used by pedestrians when the walk was slippery, and could have been used by the plaintiff. He could only walk where it was smooth, but he does not show that the street was rough, nor that there was anything to prevent his walking in it in safety. There was a shallow ditch at the side of the road, which the plaintiff describes as "a little gutter;" but, so far as was shown, it was nothing which he could not have crossed easily. Ordinarily, the question of contributory negligence is for the jury to determine, but the burden of proving himself free from such negligence was upon the plaintiff. *Fernbach v. City of Waterloo,* 76 Iowa, 599, 41 N. W. Rep. 370. It may be, as he claims, that he was using due care when in the act of attempting to cross the ice, but he failed to show any sufficient reason for making the attempt, and the jury were not justified in finding that he had used due care.

II.   The appellant criticises the seventh paragraph of the charge, because it instructed the jury that "if ice or snow is suffered to remain upon a sidewalk in such an uneven and rounded form that a person can not walk over it, using due care, without danger of falling down, that constitutes a defect for which the city is liable."

As an independent statement of the law, that portion of the charge would have been erroneous, but it was qualified by the statement that the city was entitled to reasonable time after the defect was known to it, or should have been so known, within which to remove it. As modified, we think the paragraph quoted was not prejudicial to the defendant. What we have said disposes of all questions we are required to determine on this appeal. For the reasons shown, the judgment of the district court is REVERSED.