Koch vs. The City of Ashland.

Koch, Respondent, vs. The City of Ashland, Appellant.

*October 27 — November 13, 1894.*

*Municipal corporations: Injury from falling on icy sidewalk: Instructions to jury.*

1. Where the evidence was sufficient to support a verdict for the plaintiff, it was not error for the court to say, in charging the jury, that the evidence of the plaintiff tended to sustain his cause of action.

2. In an action for injuries sustained by falling on an icy sidewalk, which, it was claimed, the plaintiff knew was dangerous, an instruction that the jury must find, if they returned a verdict for the plaintiff, that there was no negligence on his part contributing to the injury; that he was not bound to use extraordinary care; and that if he used ordinary care, or such care as a man of ordinary care, prudence, caution, and judgment would have used under the circumstances of the case, he was not guilty of contributory negligence,— is *held* to have stated the rule with approximate correctness and sufficient clearness. If the defendant desired a more definite or explicit instruction, it should have been asked.

3. An instruction, in such case, "that if the defect had existed for such a length of time that the city authorities, by the use of due dili-

Koch vs. The City of Ashland.

gence, which the law imposed, might have learned of the unsafe condition of the walk, they were charged by the law with notice the same as if actually served upon them or the plaintiff had notified them before he was injured; and after ascertaining the facts they would have a sufficient time to remedy the defect. They should use sound discretion, and use most diligence in the most populous parts of the city," — is *held* not erroneous.

APPEAL from the Circuit Court for *Ashland* County.

Action to recover damages to the plaintiff by falling on an icy sidewalk. Snow had been permitted to remain and accumulate upon the sidewalk until the travel over it had formed a ridge twelve to fourteen inches high, which was rough and slippery. The street was in a similar condition. The walk had been in substantially the same condition from about Christmas of 1891 to January 12, 1892, the time of the plaintiff's accident. There had been a thaw the day before the accident, and a freezing the night before. The plaintiff slipped and fell and was injured. There was a verdict and judgment for the plaintiff, from which the defendant appeals.

For the appellant there was a brief signed by *Geo. P. Rossman,* city attorney, and *J. J. Miles,* of counsel, and the cause was argued orally by *Mr. Miles.* They contended, *inter alia,* that the defendant was guilty of contributory negligence in voluntarily and unnecessarily passing over a sidewalk which he knew to be dangerous. Knowing the danger, he was bound to exercise care proportionate thereto, and the instruction that he was only required to use ordinary care was erroneous. *Hausmann v. Madison,* 85 Wis. 187; *Bloomington v. Rogers,* 36 N. E. Rep. 439; *Morrison v. Shelby Co.* 116 Ind. 431; *Beatrice v. Reid,* 59 N. W. Rep. 770; *McGuinness v. Worcester,* 160 Mass. 272; *Cosner v. Centerville,* 57 N. W. Rep. 636; Sackett, Inst. to Jur. 367.

For the respondent there was a brief by *Sanborn, Dufur & Anderson,* and oral argument by *A. W. Sanborn.*

NEWMAN, J.   It is claimed that the court erred in deny-
ing motions for a nonsuit, for the direction of a verdict
for the defendant, and for a new trial.   These motions
were all based upon the theory that the evidence was in-
sufficient to support a verdict for the plaintiff.   But there
was testimony on all controverted points sufficient to sup-
port a verdict for the plaintiff, if believed by the jury.
And the proper inferences to be drawn from undisputed
facts were debatable.   On the whole case, the testimony
was sufficient to be submitted to the jury and to sustain
the verdict which it returned.

Numerous exceptions are taken to the charge which the
court gave to the jury.   These exceptions seem to lack in
discrimination and care.   They are, in the main, to de-
tached portions of the charge, and to sentences which are not
always fairly indicative of the character of the instructions
considered as a whole.   On the whole, the charge seems to
have presented the questions involved fairly and with a
fair degree of clearness and precision.   Some of these ex-
ceptions will be noted specially, in order to show their
quality.   For example, this: "The court erred in that part
of its charge, in folio 54, stating that the evidence of the
plaintiff tends to sustain his cause of action.   Such a state-
ment was an improper comment on the testimony."   It
might be difficult in sober seriousness to answer that objec-
tion, after holding the evidence sufficient to support the
verdict.   Again: "The plaintiff was familiar with the walk,
and testified that he knew it was dangerous, and the charge
that he was only required to use ordinary care was errone-
ous.   The court should have instructed the jury that the
plaintiff was obliged to use care commensurate with the
obvious peril."   The court did charge the jury: "You
must find, if you return a verdict for the plaintiff, that
there was no negligence on his part contributing to the
injury of which he has complained.   He was not bound to
use extraordinary care.   If he used ordinary care, or such

care as a man of ordinary care and prudence, caution, and judgment would have used under the circumstance of this case, he is not guilty of contributory negligence, under the law." That seems to state the true rule with approximate correctness and sufficient clearness for the apprehension of ordinary jurors. If the defendant desired a more definite or explicit instruction, it should have been asked. Again, the jury were told "that if the defect had existed for such a length of time that the city authorities, by the use of due diligence, which the law imposed, might have learned of the unsafe condition of the walk, they were charged by law with notice the same as if actually served upon them or the plaintiff had notified them before he was injured; and after ascertaining the facts they would have a sufficient time to remedy the defect. They should use sound discretion, and use most diligence in the most populous parts of the city." The precise difficulty with this instruction is not clearly pointed out. While it may not be, in all respects, perspicuously clear, it does not appear to be capable of seriously misleading. Certainly, it was the duty of the proper officers to give due attention to the condition of the sidewalks, in order to ascertain if defects exist, and probably this is more important in the most populous parts of the city. And if the unsafe condition had continued so long as that, if they had given it reasonable attention, they must have discovered its condition, then they had notice of its condition to the same effect, in law, as if a written notice of it had been served upon them. It was their duty to remedy the defect within a reasonable time. And that seems to be fairly the substance of this instruction. This defect was easily discoverable and readily remediable.

The question of the plaintiff's contributory negligence seems to have been fairly submitted. No error is found for which the judgment should be reversed.

*By the Court.*— The judgment of the circuit court is affirmed.