ORRIN KINGSLEY v. JAMES MULHALL, Appellant.

**Contributory Negligence:** JURY QUESTION. In an action for personal injuries caused by falling into an excavation made by defendant in a sidewalk in front of his buildings, the question whether the plaintiff was intoxicated at the time, and hence guilty of contributory negligence, is held to be for the jury. *Fernback v. City,* 76 Iowa, 598, and *Cosner v. City,* 90 Iowa, 33, *distinguished.*

*Appeal from Lyon District Court.*—HON. A. VAN WAGENEN, Judge.

WEDNESDAY, OCTOBER 16, 1895.

Action at law to recover for personal injuries alleged to have been caused by negligence on the part of the defendant. There was a trial by jury, and a verdict and judgment were had for the plaintiff. The defendant appeals.—*Affirmed.*

*Parsons & Van Wagenen* for appellant.

*E. Y. Greenleaf* for appellee.

Robinson, J.—The defendant is the owner of parts of three lots, in the incorporated town of Rock Rapids, on which a building has been erected. Under the building is a basement or cellar, and in front of the cellar is an excavation in the street, to provide a cellar way. The cellar way thus made is on the north side of the building, in Main street; and the opening in the side-walk for it is three feet in width, and about eleven feet in length, extending east and west. The cellar way is eight feet ten inches deep. There was a railing at the west end of the opening and on the north side, to a point within eleven inches of the east end. East of that point there was no barrier, nor was there any at

the east end. The cellar way was made by the defendant for his own purposes, without the consent of the council of the town. About 10 o'clock in the evening of a day in October, 1893, the plaintiff, while walking westward, on the south side of Main street, fell into the cellar way, and received serious injuries. The plaintiff claims that the accident occurred without fault on his part, and that the defendant was negligent in constructing and maintaining the cellar way; that he was negligent in not providing it with proper barriers; and that it was maintained wrongfully. The defendant admits that he made the cellar way, but denies that it was made or maintained wrongfully, and avers that the injuries of the plaintiff, if any, were due to his own negligence.

I. The plaintiff, at the time of the accident, appears to have been a resident of Rock Rapids, and was familiar with the cellar way, having seen it many times. The sidewalk was ten feet wide, and extended nearly seven feet north of the cellar way. The plaintiff was nearly seventy years old. He was unable to see well, and drank intoxicating liquors during the evening. The defendant contends that the plaintiff was intoxicated, and, as he knew of the dangerous opening, that he should have avoided it by walking along the outer edge of the sidewalk, or should have left it entirely, and that he was negligent in failing to do so and in falling into the cellar way. Whether the plaintiff was under the influence of intoxicating liquors at the time of his fall, and whether that was caused in part or in whole by his drinking, were questions of fact to be determined by the jury. The plaintiff denies that he was under the influence of liquor, and there is considerable evidence to the effect that he was not intoxicated. While we have serious doubts as to the correctness of the claim that he was sober at the time of the accident, we cannot say that the jury should have found

that he was not. The conclusion that the jury must necessarily have reached, that the plaintiff was free from contributory negligence, is not without support in the evidence, and cannot be set aside.

The defendant relies upon the cases of *Fernbach v. City of Waterloo*, 76 Iowa, 598 (41 N. W. Rep. 370), and *Cosner v. City of Centerville*, 90 Iowa, 33 (57 N. W. Rep. 636), to sustain his claim. In the first case, it is said that it would be negligence for an intoxicated man to drive a team in the streets of a city at night; but that statement does not apply in this case if the plaintiff was not intoxicated when injured. In the second case cited, it appeared that the person injured knew of the condition of the walk, and had it in mind when he reached the dangerous part, and could have avoided it. He did not do so, and there was no sufficient reason for his attempt to walk where he was hurt. But the case recognizes the rule that a person who uses a defective way with knowledge of its condition is not necessarily negligent. The cases of *Mathews v. City of Cedar Rapids*, 80 Iowa, 460 (45 N. W. Rep. 894), and *Lichtenberger v. Town of Meriden*, 91 Iowa, 45 (58 N. W. Rep. 1058), tend to support the verdict in this case. The evidence of negligence on the part of the defendant was clear and satisfactory.

II. The appellant complains of the refusal of the court to give certain instructions asked by him. So far as they were correct and important, they were incorporated, in substance, in the charge given. That was quite full and complete in regard to the question and effect of the alleged intoxication of the plaintiff, and we do not think the defendant could have suffered prejudice for want of further instructions.

III. Some complaint is made of rulings and remarks by the court during the trial. We have exam-

ined all of them with care, but without finding any prejudicial error.

The judgment of the district court is *affirmed.*