THOMAS E. MARSHALL, Appellant, v. THE CITY OF BELLE PLAINE, IOWA.

**Highway:** CONTRIBUTORY NEGLIGENCE. A pedestrian who knows that a part of a street crossing is sloping, slippery with ice and snow and dangerous, but who uses no care to avoid the peril although he might easily have done so, cannot recover for injuries sustained by a fall. .

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

FRIDAY, OCTOBER 21, 1898.

ACTION, at law to recover for personal injuries alleged to have been caused by negligence on the part of the defendant. After the plaintiff had submitted his evidence, the district court sustained a motion to direct a verdict for the defendant, a verdict was directed and returned accordingly, and judgment was rendered in favor of the defendant for costs. The plaintiff appeals.—*Affirmed.*

*Tom H. Milner* for appellant.

*J. J. Mosnat* and *L. E. Cox* for appellee.

ROBINSON, J.—The defendant is a city of the second class.    On the fourteenth day of January, 1895, at about 9 o'clock in the evening, the plaintiff fell in a street of the defendant, and received injuries which prevented him from following his vocation, that of a barber, for several weeks. The accident occurred on an apron which led from a sidewalk to a street crossing in a part of the city which was devoted to business and much frequented.    The apron was four feet in width, and seven feet three inches in length, with a fall of fourteen inches.    It was made of four boards, each of which was twelve inches wide, placed lengthwise, without cross cleats on the upper surface to keep pedestrians from slipping.    At the time of the accident the apron was covered with a coating of snow and ice, and was slippery, and the plaintiff fell in consequence of slipping on it.    The plaintiff claims that the defendant was negligent in permitting snow and ice to accumulate and remain upon the apron, and that the accident was caused by that negligence and negligence in the construction of the apron.    The answer of the defendant contains a general denial.

At the time of the accident the plaintiff was sixty years of age.    He wore boots without rubbers.    He was familiar with the street crossing, including the apron, and used it frequently, although he does not recollect whether he had passed over it before on the day of the accident.    There had been some ice and snow on the apron for several days, and in the morning of the day on which the accident occurred, or the night before, rain and sleet had fallen, and the sidewalks were slippery.    The plaintiff knew that fact, and states that he knew that the crossing where he fell was in bad condition and slippery.    He knew it was sloping, and that it was not supplied with cleats, and consequently he must have known that it would be dangerous for him to attempt to pass over it.    He could have passed around it easily, and thus have avoided the danger, but it did not occur to him to do so, and he did not give the apron any thought, but fell the moment he

stepped upon it. He does not claim to have used any care to avoid the danger, and it is clear that he did not do so. He was carrying a pail and conversing with a companion when he stepped upon the apron but there was nothing in the conditions then existing which would naturally and properly so absorb his attention as to withdraw it wholly from the dangers to which he was exposed. The conclusion which must inevitably be drawn from the undisputed facts is that the accident was due, in part, at least, to negligence of the plaintiff. He should have exercised the care to avoid danger which an ordinarily careful and prudent man would have used under the same circumstances, and, had he done so, the accident would not have occurred. It was said in *Hartman v. City of Muscatine,* 70 Iowa, 511, of a person who had been injured in crossing a street and was seeking to recover for the injuries received, that "if, knowing it was dangerous, he knew, or ought to have known, that it was not prudent to walk over the crossing and down the slope, and there was another way he could have taken without material inconvenience, then he cannot recover." That rule was applied and followed in *Cosner v. City of Centerville,* 90 Iowa, 33. See, also, *Barnes v. Town of Marcus,* 96 Iowa, 675; *Parkhill v. Town of Brighton,* 61 Iowa, 108; *McGinty v. City of Keokuk,* 66 Iowa, 726; *Waterbury v. Railroad Co.,* 104 Iowa, 32; *Beem v. Light Co.,* 104 Iowa, 563; *Koch v. City of Ashland,* 88 Wis., 603 (60 N. W. Rep. 990); *City of Erie v. Magill,* 101 Pa. St. 616 (47 Am. Rep. 739).

It is true that a person who knows that a way is dangerous is not necessarily negligent in attempting to use it, even though there be another safe and convenient way. The cases of *Nichols v. Incorporated Town of Laurens,* 96 Iowa, 388, and *Graham v. Town of Oxford,* 105 Iowa, 705, illustrate that rule. But in each of those cases there was evidence which authorized the jury to find that, although the person injured knew of the defect which caused the injury in time to have avoided it by going another way, yet he acted as a person of ordinary care and prudence to avoid the injury while using

the defective way, and therefore could recover.    But we have seen that in this case the plaintiff did not so act, and since there is no serious conflict in the evidence as to what he did, his own testimony showing negligence on his part, there was no question in regard to that to submit to the jury.

Complaint is made of certain rulings on the admission and exclusion of evidence, but, as none of them could have affected the determination of the case, they need not be further considered.

It was also unnecessary to decide whether there was evidence sufficient to show negligence on the part of the defendant.    We do not find any reason for disturbing the judgment of the district court, and it is AFFIRMED.