Louisa Evans, Appellee, v. The City of Iowa City, Appellant.

**Sidewalks:** DEFECTIVE CONSTRUCTION: ' NOTICE. Where a sidewalk was 1   defective in its original construction, a city is conclusively presumed to have notice of the defect.

**Same.** Constructive notice that a sidewalk at the place where an 2   accident occurred, was out of repair generally, constituted notice of a particular defect at that place.

**Contributory negligence:** WHEN QUESTION OF LAW. Contributory 3   negligence is a question of fact for the jury, unless the facts are undisputed, or but one conclusion can be drawn therefrom by reasonable minds. In the instant case the question of negligence was properly submitted to the jury.

**Choice of another way.** To constitute negligence for not taking another way, knowledge of the defect complained of and the dangers reasonably to be apprehended therefrom, must be shown.

**Ordinary care.** One is not guilty of negligence in knowingly using a 5   defective walk, if he is justified in believing and does believe, that

by the exercise of ordinary care he can pass in safety and he in fact uses such care.

**Damages:** AMOUNT NOT EXCESSIVE. Under the evidence a judgment of $2,810 for injuries sustained from a defective sidewalk, is held not excessive.

*Appeal from Johnson District Court.*— HON. M. J. WADE, Judge.

TUESDAY, OCTOBER 18, 1904.

ACTION to recover damages for a personal injury, caused, as alleged, by a defective sidewalk. There was trial to a jury, and verdict and judgment for plaintiff. Defendant appeals.— *Affirmed.*

*W. H. Bailey, Baker & Ball,* and *W. J. McDonald,* for appellant.

*Ranck & Bradley and Remley & Ney,* for appellee.

BISHOP, J.— On behalf of appellant it is insisted that a case of actionable negligence is not shown by the record. In the petition a defective condition of the sidewalk in question is alleged, and it is said that such arose primarily from improper original construction; also from a failure to keep in repair. It is also said that the state of disrepair alleged had existed for such a length of time that, in any event, constructive notice had been imparted to the city. The jury found not only that the defective condition existed as alleged, but that the city was chargeable with notice thereof. We have read the evidence as presented, and are satisfied that the jury was warranted in finding that the walk in its original construction was improper, in that it was composed of pine boards of the poorest grade, and less than an inch in thickness, laid upon stringers two by four inches in size, placed upon the ground;

*1. DEFECTIVE CONSTRUCTION: notice.*

further, that by reason of such defective construction, aided by subsequent neglect, the walk had been allowed to get out of repair, and so remain for a considerable period of time before the occurrence of the accident. Either condition being found would support a charge of negligence. Where a defect in original construction is shown, the city is conclusively presumed to have notice thereof. *Cramer v. Burlington,* 39 Iowa, 512; *Cook v. Anamosa,* 66 Iowa, 427.

If a want of repair be relied upon simply, notice to the city is, of course, necessary. *Cook v. Anamosa, supra.* In respect of the latter, it is suggested that in the instant case

2. SAME.     the proof fails to show that the city had knowledge, either actual or constructive, of the defect in the particular board from which immediately the alleged injury resulted. This may be true, but the evidence tends to show that the walk over which plaintiff was passing, and at and about the place where the accident occurred, was out of repair generally, and had so been for some time. Notice of the defective condition of a sidewalk, generally, is notice of an included particular defect. *Kircher v. Larchwood,* 120 Iowa, 578.

II. Appellant next challenges the sufficiency of the record to support the finding that plaintiff was not guilty of contributory negligence. It is conceded that the street on

3. CONTRIBUTORY  which the sidewalk was laid was one of the
NEGLIGENCE:     public streets of the city, and, generally speak-
when question
of law.         ing, plaintiff was where she had the right to be.
She testifies that she had passed over the sidewalk in question very infrequently — not more than twice in the preceding two years; that she did not know, when she entered upon the walk on the occasion of her accident, of any defect in the condition thereof, such in character as to render the same unsafe to travel over; that it was after nightfall, and dark, and that in passing along the walk, in company with a little girl, she looked where she was going, and walked carefully

as best she could; that she had no knowledge or warning of the particular defect causing her accident until her foot went through the walk. As opposed to her statement, evidence is pointed out to the effect that the condition of the walk was generally observable, and that the same was situate not far from where plaintiff lived. It is also contended that plaintiff upon cross-examination made answers from which it is fairly·inferable that in driving along the street in question she had observed that some of the boards in the walk were broken. Some such answers appear, but it is not clear to our minds to what sidewalk the answers relate or, conceding the reference be to the sidewalk in question, whether the same refers to the condition as discerned by her on the night of the accident, or to a condition previously discovered by her. The nonexistence of contributory negligence is a question of fact, and generally is for the jury. It is only when the facts are undisputed, and reasonable minds can draw but one conclusion therefrom, that the question becomes one of law. *McLaury v. McGregor*, 54 Iowa, 717.

Further, appellant calls attention to the fact that the evidence discloses that other and safe walks — on the other side of the street in question, and on adjacent streets — were provided over which plaintiff might have traveled, and, this being the fact, the court erred in refusing to instruct the jury that it was her duty to resort to one of such walks, and, failing to do so, a finding of contributory negligence would be warranted. But necessary to the rule thus invoked is the element of knowledge of the defect, and, not only that, but an appreciation on the part of the person about to pass over or along the defective way of the dangers reasonably to be apprehended therefrom. This is made clear in all the cases cited and relied upon by appellant. *McGinty v. Keokuk*, 66 Iowa, 725; *Hartman v. Muscatine*, 70 Iowa, 511; *Parkhill v. Brighton*, 61 Iowa,

4. CHOICE OF ANOTHER WAY.

103; *Barnes v. Marcus,* 96 Iowa, 675; *Cosner v. Centerville,* 90 Iowa, 33; *Marshall v. Belle Plaine,* 106 Iowa, 508.

Where, on the contrary, it appears that a person claiming to have been injured, although he knew that the walk was not in all respects properly constructed, or in a state of repair, yet if he was justified in believing, and did believe, that by the exercise of ordinary care it could be passed in safety, and he did in fact exercise ordinary care, he cannot be charged with negligence. *Nichols v. Laurens,* 96 Iowa, 388; *Graham v. Oxford,* 105 Iowa, 705; *Bailey v. Centerville,* 115 Iowa, 271. The instruction, as asked by defendant, did not embrace all the elements necessary to make it applicable to the case as made up, in that therein it was asked that the jury be told, among other things, that knowledge, *or means of knowledge,* was sufficient to cast upon her the duty of selecting some other way of travel — manifestly a proposition, in so far as the expression italized by us is concerned, involving inherent error. Moreover, we think the facts appearing from the record were not such as to require imperatively at the hands of the court an instruction covering the subject-matter of the request.

5. ORDINARY CARE.

III. Complaint is made that the amount of damages awarded is excessive. Damages were alleged in the sum of $8,000. The verdict was for $4,000. Motion for a new trial, one of the grounds being that the verdict was excessive, having been submitted, the court required plaintiff to remit of the verdict all above the sum of $2,810, as a condition upon which a new trial should be denied. Plaintiff filed a remittitur accordingly, and thereupon judgment was entered in her favor for the sum specified. We think the action of the trial court should not be disturbed. The plaintiff was a married woman, forty-one years of age, and at the time of her accident in ordinary health. Without going into details, we may say that the evidence makes it clear that the injury which she sustained

6. DAMAGES: amount not excessive.

was a serious and extremely painful one. The physicians who testified upon the trial declare that in any event it will be years before she can recover, and that it is doubtful if she ever does fully recover.

No other questions necessary to be noticed in this opinion are presented in argument.

We conclude that the judgment was right and it is *affirmed.*