# City of Jasper v. Barton.

*Damages for Injury to Property by Repair of Streets.*

(Decided June 1, 1911.   56 South. 43.)

1. *Municipal Corporations; Defects in Streets; Injury to Property.* —Where in making improvements of its streets a municipality diverts water from its natural channel so that it passes over and injures land which it did not injure before the construction of the improvements, the city is liable.

2. *Same; Notice of Claim.*—While it is true that before a city can be rendered liable for injuries to land by diversion of water in the construction of a public improvement, it must have notice of the defect and claim, yet, where the defect is inherent in the improvement, express notice is not necessary because the city has notice of its own acts.

3. *Same.*—Under section 44 of the charter of the city of Jasper (Local Acts 1900-01, p. 442) the claim sued upon must be the same as the one presented, and an allegation that the claim sued on is not sustained by proof of the presentation of a claim for a different amount yet technicality is not required; hence, an allegation that plaintiff's claim for injury to the land from diversion of water in constructing a public improvement, was presented to the board, is sus-

[City of Jasper v. Barton.]

tained by proof of presentation of a claim which did not set out the particular defect which caused the diversion, although they were set out in the complaint.

4. *Pleading; Demurrer; Complaint Good in Part.*—Where a part of the complaint states a good cause of action, a demurrer directed against the complainant as a whole cannot be sustained.

5. *Evidence; Expert Opinion.*—Testimony that the construction of a certain embankment which spanned a stream with a culvert underneath caused the water to back up and overflow a lot, is not opinion evidence, when given by an eye witness.

6. *Appeal and Error; Review; Questions Presented.*—Motion to strike a plea and the ruling thereon by the court, is not presented for review, when not preserved by bill of exceptions.

7. *Same; Harmless Error; Evidence.*—Where the testimony is favorable to the defendant's contention, it is harmless error to overrule an objection thereto interposed by the defendant.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL,

Action by Mrs. Millie Barton against the City of Jasper. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint is as follows: "Plaintiff claims of defendant $200 as damages, for that the defendant is a municipal corporation charged with the duty of repairing and keeping in repair the streets of the city of Jasper, and of not injuring the plaintiff or her property in so doing. She avers that she owns a lot in the southeast corner of block 221 in said city, and that a stream of water runs through and across said block and across Birmingham avenue, a street that the defendant is charged with the duty of keeping in repair. She avers that, in repairing and keeping in repair the said street, defendant threw up an embankment, to wit, two feet higher than plaintiff's said lot, and constructed through said embankment a culvert or opening for the stream before mentioned to pass through. She avers that said culvert or opening is not sufficiently large to let the water go through in times of high water, and that on account of said embankment she avers that on, to wit,

the 17th day of July, 1906, after a heavy rain, the waters coming down said stream were checked, and thrown back onto plaintiff's said lot, and that said lot was flooded and overflowed with water which stayed on said lot, to wit, 12 hours; that when said water went off, it left mud and filth which caused said lot to be less healthy and caused same to be less productive. She avers that she resides on said lot, and that on account of said water being on same she was greatly inconvenienced, and that her dwelling house and outhouse were permanently injured and made less valuable. She avers that she has, according to law presented the claim on which she here sues to the defendant, and that defendant has refused to allow same." The second count is in all respects similar to the first, except that where the date July 17, 1906, occurs in the first count, the date January 1, 1906, is substituted in the second count.

F. A. GAMBLE, and BANKHEAD & BANKHEAD, for appellant. The claim sued on must be the same as the claim presented.—Sec. 44, Acts 1900-01, p. 442; *Bland v. Mobile,* 142 Ala. 142; *Schrader v. Mobile County,* 66 Ala. 137. Here, the claim presented was not the one sued on. The making of the residence of plaintiff undesirable does not constitute a cause of action against the city.—*Drake v. Lady E. C. I. & R. R. Co.,* 102 Ala. 501. The 1st six grounds of demurrer to the complaint should have been sustained.—*Huntsville v. Ewing,* 116 Ala. 576; 28 Cyc. 1320. Grounds 17 and 12 should have been sustained.—*Arnett v. City of Cullman,* 132 Ala. 547; *City Counsel v. Wright,* 72 Ala. 411. Grounds 13 and 15 should have been sustained.—13 Cyc. 13, 176, 179; 5 A. & E. Enc. of Law, 719. The court erred in striking plea 1. Non expert witnesses will not be permitted to state their opinion as to whether bridges,

[City of Jasper v. Barton.]

streets, roads or sidewalks are sufficient.—*Hames v. Brownlee,* 63 Ala. 277; 5 Enc. of Evi. 697 and 681. A witness may not state a conclusion which the jury can draw from the facts in evidence.—*Reeves v. The State,* 96 Ala. 33.

J. D. ACUFF, for appellee. The court takes judicial knowledge of the fact that the city knows of its own acts and the claim presented was sufficient.—*Neuman v. Birmingham,* 109 Ala. 630; *Bland v. Mobile,* 142 Ala. 142. The city is liable to the party injured by its construction of improvements regardless of whether it was negligent or not.—*City of Eufaula v. Simpson,* 86 Ala. 515; *Arndt v. City of Cullman,* 132 Ala. 547; 10 A. & E. Enc. of Law, 350 and 352. All that is required is that the city may know of the conditions.—Williams on Municipal Lia. for Const., 91 and 92; 28 Cyc. 1368. The motion to strike and the ruling thereon is not presented by the bill of exceptions, and hence, is not presented for review. The evidence offered was that of eye-witnesses and no attempt was made to introduce expert opinion.

WALKER, P. J.—When a municipal corporation, in the construction of embankments and culverts and digging ditches, etc., in the improvement of its streets, causes a large quantity of water to be diverted and to overflow a lot in destructive volume, it is liable in damages to the owner of such lot, whether the work was done negligently or not.—*City of Eufaula v. Simmons,* 86 Ala. 515, 6 South. 47; *Arndt v. City of Cullman,* 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 992. This proposition disposes of the grounds of the demurrer to the complaint based upon its failure to allege that there was negligence in the construction of the embankment and culverts to which the injury complained of was attributed.

.The plaintiff, in an action counting on such a defect in a public work, must allege and prove that the municipal authorities had notice, express or implied, of the alleged defect.—*Arndt v. City of Cullman*, 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 922. By the complaint in the case at bar the injury to the plaintiff's property is attributed to the condition of the embankment and culverts mentioned as the same were originally constructed by the defendant itself. Notice to the municipality is shown when it is averred that the defect complained of inhered in its own original construction. Nothing material would have been added to the complaint by an averment in express terms that the defendant had notice of what was done by itself.—*City of Austin v. Ritz*, 72 Tex. 391, 9 S. W. 884; *Poole v. Jackson*, 93 Tenn. 62, 23 S. W. 57; *Evans v. Iowa City*, 125 Iowa, 202, 100 N. W. 1112. There was no merit in the grounds of the demurrer to the complaint suggesting its failure to aver that the defendant had knowledge or notice of the defects complained of.

A demurrer directed against a complaint as a whole cannot be sustained on a ground which refers only to a part of the complaint which claims special damages. The complaint stating a cause of action for the injury to plaintiff's lot resulting from water diverted and thrown back upon it by the embankment constructed by the defendant, a question as to the sufficiency of the averment of special damage to the plaintiff's dwelling house and outhouses was not properly presented by the demurrer to the complaint as a whole.

It is insisted that the trial court was in error in admitting in evidence, over the objection of the defendant, the written application or claim for payment made by the plaintiff on the defendant before the institution of the suit. It is urged that the presentation of that in-

strument did not constitute a compliance with the provision of section 44 of the charter of the city of Jasper, "that no suit shall be maintained against the city upon any claim or demand for money until application shall have been made to the board for payment thereof, and the said application refused in whole or in part, or the board fail at their next regular meeting to act thereon." —Local Acts 1900-01, p. 442. It is true that under such a provision the claim sued on must be the same as the one presented, and that an averment in a complaint that the claim sued on had been presented before the bringing of the suit is not sustained by proof of the presentation of a claim for a different amount.—*Bland v. City of Mobile*, 142 Ala. 142, 37 South. 843. But it is also true that the purpose of such a statutory requirement is to afford to the municipal authorities opportunity to investigate and adjust claims preferred against the municipality without the expense of litigation, and that "technical accuracy is not required. It is enough if the board is fairly informed of the nature and amount of the claim, so that it can act intelligently in the investigation and allowance or rejection of the same."—*Newman v. Mayor and Aldermen of Birmingham*, 109 Ala. 630, 19 South. 902. The written statement presented to the defendant plainly informed it that the plaintiff claimed the stated amount as damages for injury to the lot mentioned resulting from its overflow by water on occasions of heavy rains, caused by the manner in which defendant had constructed its streets, bridges, culverts, etc. It is not to be held that the claim sued on is different from the one presented, within the meaning and purpose of the requirement, because the claim presented stated the ground of the demand in general terms, while the complaint specifies the particular defects in construction to which the injury complained

of is attributed and names the dates upon which the lot was damaged by being flooded and overflowed with water. It is to be observed that the statute does not require a statement of the details of the injury which is made the basis of the application for the payment of the amount claimed. There was no merit in this objection.

The motion to strike plea 1 and the ruling of the court on that motion are not shown by the bill of exceptions. That ruling, therefore, is not presented for review.

A witness who has testified that he saw a stream of water on the occasion of a freshet, and saw water from it back up and overflow a certain lot, may be asked to state what caused the water to back up and overflow the property. It is a matter of common knowledge that water flows downward, and that when water from a stream backs up and stands on adjoining land, where this did not happen before a change had been made by the erection of a structure affecting the channel of the stream, it must be because of some obstruction in or insufficiency of the outlet. A question to an eyewitness, who was familiar with the local conditions before the change had been made, as to what caused the water to back up and stand on a certain lot, hardly can be said to call for his opinion or conclusion, but rather is a request that he state what, if any, obstruction he saw; and when, in answer to such a question, the witness states that the water was dammed up and thrown back by an embankment which had been built so that it spanned the stream, and that the culvert under it was not large enough to let off such a volume of water, he states, not a mere opinion or deduction, but a fact which came under his observation. Though some of the questions asked in this connection in form called for the

opinion of the witness, yet, being asked of an eyewitness who was narrating what he saw, they were calculated to elicit nothing more than a mention or description of the obstruction which was seen arresting the flow of the stream; and such in fact was the result of permitting the questions to be answered.

If the question asked the witness Stubblefield as to whether plaintiff's lot would have been overflowed on the occasion inquired about if the stream had remained in its natural condition, unaffected by the embankment erected by the defendant, should be regarded as subject to the objection made to it, yet the defendant was not harmed by the overruling of that objection, as the answer to the question was favorable to its contention.

Affirmed.

