GRACE FULLER v. THE INCORPORATED TOWN OF WILLIAMSBURG, IOWA, Appellant.

Municipal corporations: CONTRIBUTORY NEGLIGENCE: WHEN QUESTION OF FACT. The question of contributory negligence is for the jury unless the facts are such that reasonable minds can reach but one conclusion.  Whether plaintiff in this action was negligent

in using the sidewalk on which she was injured, rather than another and circuitous route to her home, was for the jury.

*Appeal from Iowa District Court.*—HON. R. P. HOWELL, Judge.

THURSDAY, OCTOBER 19, 1911.

ACTION to recover damages for personal injuries. There was a verdict and judgment for the plaintiff, and the defendant appeals. *Affirmed.*

*W. E. Wallace* and *Wade, Dutcher & Davis,* for appellant.

*J. F. Kirby* and *Popham & Havner,* for appellee.

SHERWIN, C. J.—One of the defendant's sidewalks, four feet wide, passed over a small watercourse at an elevation of four or five feet, and its sides were unguarded. The plaintiff, while passing along said walk in the dark, fell therefrom and was injured. The only question presented by this appeal is whether the plaintiff was guilty of contributory negligence as a matter of law.

The facts necessary to an understanding of the question are briefly these: On the night that she was hurt, the plaintiff had been working for a family that lived one block east of her own home on the same street, and on the same side of the street; it being the south side thereof. There were sidewalks on both sides of this street between her home and the place where she was at work. The walk along the north side of the street was in good condition, except for its unguarded sides where it crossed the depression spoken of; but the walk on the south side of the street was either torn up a part of the way, or was covered with dirt by grading operations. In either event,

the evidence shows that the south walk was not in good condition. The plaintiff left her working place for home after it had become very dark, and took the north walk west along this street. There was a good, unobstructed walk running north from the place where she was at work one block, and from that point she would have had a good, lighted walk to the street west, which would have taken her to a point a block north of her residence. From that point, there was a walk south on the west side of the street, which crossed a depression some six or eight feet deep. There is evidence tending to show that this walk was guarded at its highest point, but there is also evidence showing that it was not guarded the entire length of its elevation above the street. There was no other way that the plaintiff might have taken without going into the street. The plaintiff testified that she was familiar with the condition of the walk at the point where she was hurt, that she knew there was no railing, and that the danger of crossing it at the time, and under existing conditions, was spoken of before she left the house where she was at work. She said, however, that she thought that by the exercise of care she could go that way without trouble. As to the accident itself, she said: "As my skirt and hand brushed on this bush growing up on the south side of the walk, I thought I was too far south. I had been carefully feeling my way, and thinking I was too far south I took a step north, thinking I had plenty of room, not knowing of this bush, and I stepped off, and went down into the deepest part. I turned and lit on my side and back, and struck my shoulder, hip, and head. Before I fell, I was walking very carefully. I would put one foot very little in front of the other. I was feeling my way. While I was watching that I had footing, yet I was sure that I had plenty of room, because brushing this what I supposed was the weeds the other side, instead of that it was this tree."

There is evidence warranting the finding that there was no other safe way by which she might have reached her home without taking the middle of the street, and the street on which she was injured was not safe in its middle; so that her only safe way, so far as the record shows, would have been to walk around the block north of where she lived, and go from the northwest corner thereof to her home in the middle of the street. We are not prepared to say, as a matter of law, that she should have done so. We think this case falls clearly within the rule of the following cases, and that the question of plaintiff's contributory negligence was for the jury. *Scurlock v. City of Boone,* 142 Iowa, 684; *Templin v. City of Boone,* 127 Iowa, 94; *Evans v. Iowa City,* 125 Iowa, 202; *Cook v. Town of Hedrick,* 135 Iowa, 23; *Cox v. City of Des Moines,* 111 Iowa, 646; *Van Camp v. City of Keokuk,* 130 Iowa, 716.

The judgment should be and it is *affirmed.*

EVANS, J., taking no part.