JOSEPH I. KELLY, APPELLEE, v. LEMBECK & BETZ EAGLE BREWING COMPANY, APPELLANT.

Submitted March 18, 1914—Decided November 12, 1914.

1. Where the cellar entrance to a building encroaches on the public street, the doors to such entrance being so constructed as when closed to form part of the sidewalk, the owner of the property is under a duty to the public to use reasonable care in seeing that such entrance is kept reasonably safe in all cases where either the entrance is part of the permanent structure of the building, or where he retains control of such entrance for administrative purposes of the building.

2. The construction and maintenance of cellar doors in a sidewalk out of iron and the permitting of such doors to be smooth and slippery in contrast to the adjoining sidewalk, raises at least a jury question as to whether such doors as part of the sidewalk were reasonably safe.

3. Whether a pedestrian using the sidewalk of a public street is guilty of contributory negligence in failing to look for and see a dangerous condition of the sidewalk, is as a rule a jury question.
4. Whether a plaintiff is guilty of contributory negligence in using an injured limb before the injury was entirely healed, is ordinarily a jury question, and especially so when it appeared that such use was under the advice of a physician.
5. Where the plaintiff after his injury used reasonable care in obtaining proper medical treatment, he cannot be kept out of damages because with other treatment he would have had better results.

On appeal from the Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellee, *Collins & Corbin.*

For the appellant, *D. Eugene Blankenhorn.*

The opinion of the court was delivered by

PARKER, J. The plaintiff sued for damages alleged to have been sustained by reason of a fracture of the patella resulting from the alleged imperfection of a cellar door in the sidewalk, covering steps leading to the cellar of premises owned by the defendant company. There was a verdict for the plaintiff of $5,000, and, on a rule to show cause argued in the Circuit Court, the plaintiff submitted to a reduction of the amount of the verdict to $3,750. The defendant's exceptions were duly reserved and are brought before us on this appeal.

The plaintiff's story of the accident is that when coming home from the Jackson avenue station on the evening of January 28th, he had to pass the premises in question and found the sidewalk was obstructed by barrels; and that he and a friend who was with him, as well as a stranger who happened to be present at the time, all of whom were proceeding along Jackson avenue toward the south, crowded up against the defendant's building in order to afford free passage to two women who were going north. The evidence indicates that the cellar doors, which were flush with the sidewalk, were

made of iron, but were covered with wood to within one foot and four inches of their outer end; and that under the weight of the three men who were obliged to stand on these doors, the doors, or one of them, gave and caused the plaintiff to slip on the smooth iron of its outer end, so that he fell suddenly to the ground with his leg doubled under him and sustained the fracture in question. He was taken to the hospital, where he remained until February 20th, and then went home under the advice of the physician at the hospital. He then put himself under the care of his own physician, who, according to the plaintiff's evidence, advised him after a time to do a little walking indoors; and in the month of May, while he was exercising under the instructions of his physician, he sustained a new fracture of the patella, presumably in the same place. Under the charge of the trial court he was allowed to recover for damages resulting from both fractures if the jury should find that the proximate cause of both was the original negligence of the defendant.

The first point made on this appeal is that the tenant in possession of the premises should have been held liable. and not the defendant as owner. It plainly appeared that the premises were a saloon and residence property, with the saloon on the ground floor and the usual passageway leading upstairs, the cellar being under the saloon and used in large measure for the storage of barrels and other appliances of the saloon business which were brought in and taken out through the cellar doors in question. But it also plainly appears that the use of the cellar by the saloon tenant was by no means exclusive; on the contrary, the cellar contained the furnace that was used to heat the entire building, and, among other things, coal for this furnace was brought in through these doors and the ashes of the furnace were taken out through them.

Hence, it was open to the jury to find, and no doubt they did find, that the cellar doors and the passage connected thereto were not in the exclusive use of the saloonkeeper, but that they were used also for the general administrative purposes of the building. Under these circumstances, the landlord would be properly held to have retained control of the

passageway in question and would be bound to the duty of reasonable care to see that it was reasonably safe. *Siggins* v. *McGill,* 72 *N. J. L.* 263, and cases cited. There is another ground on which the liability of the owner could be predicated, viz., that the cellar doors were part of the permanent structure of the building and within the lines of a public street. *Durant* v. *Palmer,* 29 *Id.* 544; *Houston* v. *Traphagen,* 47 *Id.* 23; *Meyers* v. *Birch,* 59 *Id.* 238. This point is made in support of the proposition that no negligence on the part of the defendant was shown on the evidence. In view of these rules of law, we deem it to be without substance.

Next it is said that the door was not shown to be out of repair or in an unsafe condition. This depends upon whether there was any evidence to show that it was smooth and slippery. The defendant concedes that the plaintiff gave such testimony, but maintains that it was "absolutely disproven" by other witnesses, some of them witnesses for the plaintiff who testified otherwise. On this appeal we cannot undertake to weigh the evidence, and as there was some evidence of this condition, the jury were entitled to adopt it. Assuming that they did so, they were entitled to charge the defendant with negligence in permitting this unsafe condition. In *Cromarty* v. *Boston,* 127 *Mass.* 329, 331, the Supreme Court of Massachusetts laid down a rule of law which we deem correct, viz.: "If, in a sidewalk, the chief part of which is in proper condition for travel, a small part of the surface is constructed of material different from the remainder, and so smooth and slippery that a foot traveler stepping suddenly upon it from the portion otherwise constructed, necessarily or probably slips and is likely to fall, it cannot be said, as matter of law, that such walk is not defective."

The next point is that the plaintiff was guilty of contributory negligence, as a matter of law, at the time of the original accident. The theory seems to be that the plaintiff was under some duty to look at the sidewalk on which he was stepping, and that he sustained the accident because he did not look and was therefore guilty of negligence. But in *Durant* v. *Palmer,* *supra,* and *Houston* v. *Traphagen,* *supra,* the question whether

a person who does not so look is guilty of negligence is held to be for the jury and not for the court.

Next it is said that the plaintiff was guilty of contributory negligence in undertaking to use the fractured bone before it had entirely healed. Of course, this does not go to the general right of recovery, but merely to the measure of the damages and arises solely in view of the request of counsel for the defendant for a charge that "the jury must not take into account any damages which are the proximate result of the second injury." This request was properly denied because it required the court to take from the jury the questions whether the second injury was the proximate result of the original fall and whether the plaintiff was guilty of contributory negligence in the respect just stated. This point, however, was for the jury in both aspects and was very carefully and clearly left to them by the judge. There is evidence in the case that plaintiff ought not to have left the hospital so soon and should not have exercised as he did. But the plaintiff swears that the hospital surgeon said that he could go, and that he waited another day before leaving. The plaintiff testified also that his own doctor advised him to walk a little indoors. There is some testimony that plaintiff was advised to consult a specialist, and did not do so, but it still remained a jury question whether he had used reasonable care in the selection of a physician and in following his instructions. If so, the defendant cannot escape liability, for a situation which but for the original injury never would have arisen. *New York and New Jersey Telephone Co.* v. *Bennett*, 62 *N. J. L.* 742, 746.

The real question, as the judge properly stated, was whether the original accident was the proximate cause of the second break. *Batton* v. *Public Service Corporation*, 75 *N. J. L.* 857.

What we have said disposes of the point that the court erred in allowing the jury to consider the second accident, in making its award of damages.

The claim that the damages were excessive is, of course, one that cannot be treated on this appeal.

We find no error in the record and the judgment will accordingly be affirmed.