MRS. M. B. MYERS, Appellee, v. CITY OF DES MOINES, Appellant.

NEGLIGENCE: Contributory Negligence—Passing Over Known Dangerous Walk. The court may not declare that a pedestrian is guilty of negligence *per se* because he attempts to pass over a walk which is known to be dangerous, when he might have taken another and safe route, when the jury might fairly find that he honestly and justifiably believed that he might, with care, make the passage in safety.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

MAY 15, 1923.

ACTION against the defendant city, for damages on account of injuries resulting from a fall caused by slipping on an icy sidewalk. The jury returned a verdict in favor of plaintiff for $500. Facts appear in the opinion. Defendant appeals.— *Affirmed.*

*Charles W. Lyon, E. J. Frisk, Chauncey A. Weaver,* and
*Russell Jordan,* for appellant.

*Mulvaney & Mulvaney,* for appellee.

ARTHUR, J.—Plaintiff alleged that, on the 23d day of January, 1920, while she was walking on defendant's sidewalk in front of the premises at 1511 West Eleventh Street in the city of Des Moines, she slipped and fell, resulting in injury to her body, head, and spine, causing fracture of the bones of her left arm, and injuring her left eye and left ear, from which she suffered and will continue to suffer in the future severe physical pain and mental anguish; that the accident occurred without fault or negligence on her part; that such injuries were the direct and proximate result of defendant's negligence: (1) In permitting rain and snow to fall upon the sidewalk and to remain there; (2) in permitting rain and snow to fall upon the sidewalk upon which plaintiff fell, and allowing the same to remain, thawing and freezing from time to time, until the surface thereof, because of the thawing and freezing and the travel of pedestrians thereon, became uneven, rough, ridged, and pointed; (3) in not removing the snow and water from the sidewalk, and permitting the same to remain there for many weeks before the day plaintiff was injured; (4) in not maintaining the sidewalk in a reasonably safe condition.

Plaintiff demanded damages in the amount of $6,000.

Defendant, answering plaintiff's petition, denied every allegation therein, and alleged that the injury was the result of plaintiff's negligence, and not of the negligence of defendant.

On the issues thus made, the case was tried. At the close of all the testimony, defendant moved for a directed verdict, which motion was overruled.

Errors relied upon for reversal are:

·(1)   The court erred in overruling defendant's motion for a directed verdict, as the plaintiff's own testimony showed conclusively that she was guilty of contributory negligence of a character to prevent recovery.

(2)   The court erred in overruling defendant's motion for a directed verdict, as the overwhelming weight of the testimony

was against the issues contended for by plaintiff, and there was insufficient evidence upon which to base a verdict in her behalf.

(3) The testimony failed to show any notice to the defendant city of any defective or dangerous condition of the sidewalk where the accident took place.

(4) The verdict was contrary to the law of the case.

Plaintiff testified:

"I live at 1818 West Ninth Street. During the month of January, 1920, I was working at 1902 West Tenth Street. Every day I went past 1511 Eleventh Street in the morning, and came back past there every evening. On the 23d day of January, I fell on the sidewalk in front of the premises at 1511 Eleventh Street. I noticed the condition of that walk all the time I was going along. The snow was never cleaned off, and that day it was awfully bad. It was ridged, pointed, high, and rough. I had noticed it before Christmas,—it was that bad. That afternoon, I was going north. It was 3:30 in the afternoon. I was looking at the sidewalk and going very carefully and picking my steps, because I knew about the walk. I was not hurrying; I was walking very slowly, taking my time. *I thought I could go across carefully, as I did it many times before.* My hands were free. I was walking along slowly, and I guess I stepped upon one of these high lumps of snow and slipped off of there with both feet, and fell on my back and hurt my spine and broke my arm and hurt my head. In the daytime, it would thaw out, and in the night freeze up again. Where I fell, it was frozen ice, and it was in big ridges and pointed. That condition had been there real bad for about three weeks. We had snow before that, but it was never cleaned off to that time. I always walked slowly over that, and was very careful to pick my steps, the best I could. Q. You knew it was so bad you had to take precaution to keep from falling? A. Yes, sir. I always went up and down there, and I didn't think of that any more there particularly, wherever I walked on the sidewalks, the same as anywhere else; and I knew that was bad, and I suppose I was more particular on that place, but picked my steps the best I could. Q. And there was no other way to go? A. Oh, yes, I could have went other ways. Q. There were other ways you could have gone? A. Yes; but that is the way I always went. Q. That was the route your

fancy took? A. Yes, sir. Q. And you traveled that particular way how long? A. Very nearly two years I went that way.''

P. W. Knight, called by plaintiff, testified that he came out of the house just north of where plaintiff fell, and as he got to the sidewalk, he saw her coming down the street, and she slipped and fell, and he ran to her and picked her up; that he saw her coming down the sidewalk; that ''she was walking slowly and carefully; was snow on the walk, and it had been walked on and tramped down in places, and other places where people had stepped there was a ridge, and it was sleek and icy; it was rough;'' that the snow had been walked on, and there had evidently been some slush; that some snow had melted, and after someone had stepped on it, it had frozen, leaving a rough place; that such was the condition for a number of feet in front of No. 1511.

We have not set forth all the testimony offered by plaintiff, but have set out the portion throwing light on the question of whether plaintiff was free from or guilty of negligence. We cannot say that the evidence shows conclusively, and as a matter of law, that plaintiff was guilty of contributory negligence in using the walk, knowing it to be in the condition she testified it was in, if she believed and was justified in believing that by walking carefully she could pass over in safety, and if she did, in fact, use ordinary care. She testified:

''I was walking very slowly, taking my time. I thought I could go across carefully, as I did it many times before.''

Her passing over the walk in the condition it was in at the time she fell, according to her testimony, twice a day for some three weeks, corroborates her statement that she thought she could pass over in safety. In *Evans v. City of Iowa City*, 125 Iowa 202, we said:

''Where * * * it appears that a person claiming to have been injured, although he knew that the walk was not in all respects properly constructed, or in a state of repair, yet if he was justified in believing, and did believe, that by the exercise of ordinary care it could be passed in safety, and he did in fact exercise ordinary care, he cannot be charged with negligence.''

See, also, *Fuller v. Incorporated Town of Williamsburg*, 152 Iowa 424; *Covert v. Town of Lovilia*, 167 Iowa 163.

We think that the evidence, as it must be considered on motion to direct verdict, does not show, as a matter of law, that plaintiff was guilty of contributory negligence; and such question was for the jury to determine.

Counsel for defendant strenuously urge and ably argue that the court should have sustained their motion for a directed verdict because the evidence of plaintiff was insufficient upon which to base a verdict in her behalf. We cannot so say from the evidence, as a matter of law. There was direct conflict in the testimony. According to the testimony offered by defendant, there was no snow and ice upon the sidewalk at the time plaintiff fell. The testimony presented a question for the jury to determine, as to whether the sidewalk was in the condition testified to by plaintiff and her witness, Knight, or whether there was no snow and ice on the walk, as testified to by witnesses for defendant. The writer of this opinion, if it were for him to weigh the testimony and determine the issue as to the condition of the sidewalk at the time in question, would find for the defendant. But such is not the province of the court. That was for the jury to determine.

Appellant contends that the testimony failed to show notice to it of the dangerous condition of the sidewalk. If the condition of the sidewalk were as claimed by the plaintiff for a period of about three weeks, such condition existed for a length of time sufficient to enable the city to have discovered it, by the use of ordinary care and caution.

It follows that the judgment of the court below must be and is—*Affirmed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.