698

**LORD BALTIMORE FILLING STATIONS, Inc., v. MILLER.**

No. 7373.

United States Court of Appeals for the District of Columbia.

Argued Jan. 11, 1940.

Decided Feb. 19, 1940.

Morris Simon, Lawrence Koenigsberger, and Eugene Young, all of Washington, D. C., for appellant.

Dorsey K. Offutt, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

Plaintiff (appellee) about 10 o'clock in the morning slipped on the ice while walking from the driveway of defendant's (appellant's) filling station to the gasoline pump. She was on defendant's premises for the purpose of buying a can of gasoline. The weather was freezing, and there was some testimony that ice had formed at sundry places on the grounds of the station. At the conclusion of all the evidence, defendant requested the court to charge the jury that, if the plaintiff negligently and without due regard to her own safety walked on the ice and if such negligence on her part was the proximate cause of her injury, their verdict should be for the defendant. The plaintiff's evidence was that she walked up the driveway and some four to seven feet into the grounds of the station and fell and, as she was being helped up, observed that the ice was under her and a little around her.

We think the court was in error in refusing to give the instruction on contributory negligence. While it was the duty of the defendant to exercise ordinary care to keep the grounds of its filling station in reasonably safe condition, it was not an insurer, and the plaintiff had a corresponding duty to exercise ordinary care for her own safety. There was evidence indicating that plaintiff had ample opportunity to reach the gasoline pump safely and over an ice-free path. The jury might have found that she was guilty of contributory negligence in failing to notice and avoid the danger. See generally Llewellyn v. Wilkes-Barre, 254 Pa. 196, 98 A. 886; Kelly v. Lembeck & Betz Eagle Brewing Co., 86 N.J.L. 471, 92 A. 282, affirmed 87 N.J.L. 696, 94 A. 1102; Steck v. Allegheny, 213 Pa. 573, 62 A. 1115; Cosner v. Centerville, 90 Iowa 33, 57 N.W. 636; Marshall v. Belle Plaine, 106 Iowa 508, 76 N.W. 797; annotation, 13 A.L.R. 73. Although we do not think, as counsel argue, that plaintiff was contributorily negligent as a matter of law, we think the question should have been submitted to the jury.

Because of the failure to give the requested instruction or any instruction which imposed on the plaintiff any duty on her own behalf, the judgment below must be set aside and the case remanded for a new trial.

Reversed and remanded.