# Mayor and Councilmen of Union Springs *v.* Jones.

*Action against Town for Damages, Caused by Erecting a Sewer and Flooding Plaintiff's Land.*

1. *Municipal corporation diverting water from streets; when liable in damages.*—If the corporate authorities of a town, in diverting water from their streets, discharge it by artificial means, in increased quantities and with collected power and destructiveness, upon the lands of others, the corporation is liable for damage thus occasioned.—(See *Mayor, &c,, of Troy, v. Coleman*, present volume.)

2. *Permission by former owner to erect a conduit; when purchaser no cause of action.*—If the owner of a lot gives the corporate authorities, or their employees, authority to erect a *conduit*, or water escape, through it, in the manner in which it exists when the lot is sold by another, the purchaser has no cause of action so long as there is no change in the structure or increase in the flow of water.—(Case above cited.)

3. *Measure of damage to present owner; what plaintiff can not show.*—Where the purchaser is not precluded from recovering by some act of the former owner, the measure of damages is the injury to the lot after he became owner; the difference in value of the lot between the time the conduit was erected and the suit brought, is not a proper criterion of damages; nor can the plaintiff show, in the absence of the averment of special damages, that by reason of the flow of water on the lot his tenant left the premises.

APPEAL from the Criminal Court of Bullock.

Tried before the Hon. C. J. L. CUNNINGHAM.

This was an action brought by Kimbrough T. Jones, appellee, against the Mayor and Councilmen of the Town of Union Springs, for ten thousand dollars damages, for erection of a conduit or sewer on the west side of the premises of plaintiff, which sewer, as plaintiff claims, was so constructed by defendant that it unnecessarily and unlawfully changed the direction of the flow of the rain water, causing it to flow in large quantities upon, and damaging the plaintiff's premises; and defendants kept up said sewer causing said flow to continue for a long time, tearing up and still tearing up and washing and injuring the land and premises of the plaintiff. Before the plaintiff became owner of said land it belonged to the estate of one D. A. McRae, and was purchased by plaintiff from one Mrs. Lucy McRae, administratrix of said estate. The *conduit* was erected before the purchase by plaintiff, and with the permission of said Mrs. McRae.

On the trial, the court admitted evidence of the damage done to the premises from the time of erecting the *conduit*

[Mayor and Councilmen of Union Springs v. Jones.]

to the day of suit, to which the defendant excepted. Evidence was also admitted against the objections of defendant, of the difference in value of the lot at the time of the suit and when the conduit was constructed, to which defendant excepted. The plaintiff was also permitted to prove that there were houses on the premises which had been rented out, but when the water broke over the lot and ran up to the house it caused the tenants to leave, wherefore he lost rent. The defendant moved to exclude such testimony, but the court permitted the testimony to go to the jury, and defendant excepted. The complaint contains no averment of special damage. There was a demurrer, alleging several grounds, which was overruled. The rulings of the court against defendant are now assigned as error.

ARRINGTON, TOMPKINS and McCALL, for appellants.—1. The evidence, as to damage done to plaintiff's lot from the time of the erection of the sewer, was clearly illegal. Plaintiff could only recover damage done after he went into possession.

2. The proof of damage done by loss of tenants and rent, was illegal. There were no averments of special damage. See *Donnell v. Jones*, 13 Ala. 490; *Lewis v. Paull*, 42 Ala. 136.

3. The carelessness and negligence of defendant is the *gravamen* of the whole action. In the *location* of sewers the city council acted in a *quasi* legislative capacity, but in the *construction* of the sewers they acted ministerially.—See *City Council of Montgomery v. Gilmer et al.*, 33 Ala. 130. Many courts have held that there is no liability attaching, even though the duty is performed in a careless and negligent manner.—Dillon on Municipal Corporations, 783, 801; *Mills v. City of Brooklyn*, 32 N. Y. 489; *Turner v. Dartmouth*, 13 Allen, 291; *Flagg v. Worcester*, 13 Gray, 601; *Bangor v. Lansil*, 51 Me. 521; *Dorman v. City of Jacksonville*, 13 Fla. 538; 7 Am. Rep. 253.

WATTS & WATTS, *contra*.—1. Causing the rain water to flow from its natural channel and. by means of a sewer, to accumulate on the lot of plaintiff, constituted a cause of action against the town.—See 2 Dillon on Munic. Corp. § 799.

2. The corporate authorities of a town or city have no right, by reason of their control over the streets, and their power to grade, intentionally to divert the water therefrom, and discharging it, by artificial means, in increased quantities, and with collected force, upon the property of an adjoining owner of lots.—See § 799, Dillon on Cor., on p. 933, and authorities in note 1; Angell on Highways, § 221; *Beaty*

*v. Armstrong*, 8 Watts & Serg. 40 ; *Foot et al. v. Bronson et al.* 4 Lans. (N. Y.) 47 ; *Livingston v. McDonald*, 21 Iowa, 167, an opinion by Judge DILLON.

These same authorities hold that the negligent or unskillful exercise of this ministerial authority by the agents of the corporation, makes the corporation liable.

3. The objections to the evidence by defendants were properly overruled.

4. The continuance of the wrong is a wrong itself, and damages, in all such cases, may be recovered to the time of the trial.—See *Cromelin v. Coxe & Co.* 30 Ala. 318.

STONE, J.—1. The case of *Mayor and Councilmen of Troy v. Coleman*, 58 Ala. 570, is decisive of many questions raised by this record. In that case we said, adopting the language of Judge DILLON in his work on Municipal Corporations, § 799, "we are unable to assent to the doctrine that by reason of their control over streets, and the power to grade and improve them, the corporate authorities have the legal right intentionally to divert the water therefrom, as a mode of protecting the streets, and discharge it, by artificial means, in increased quantities, and with collected force and destructiveness, upon the property, perhaps improved and occupied, of the adjoining owner." This disposes, adversely to appellants, of one line of the defense relied on.

2. In that case we also said, "appellant proposed to prove that one of the sewers complained of by plaintiff,  . . . was put there at the request of Joel D. Murphree, who owned said lot at that time—that is, the lot now belonging to plaintiff—to which the damage was done. But the circuit judge ruled that this could not be done. It seems to us that in this there was error. If the former owner, who had power to charge the lot with any servitude in favor of the public, expressly authorized the building of one of the structures complained of, in such situation and manner, as that it would naturally turn upon the lot a large portion of the water which they decided to divert from the streets, he thereby deprived himself of any right of action against the corporation for that which he, with a knowledge of the consequences to his property, induced the authorities to do. And he could not, by a transfer of the lot to another, invest his alienee with larger rights than he himself had. The purchaser would take the property *cum onere.*" Under this principle, if Mrs. McRae, the former owner of the lots, and while she was the owner, gave to the town council, or its employes, authority to erect the conduit, or water escape, and the same was erected, and remained there when Jones

purchased, and there was no change in the structure which caused an increased flow of water, and increased damage to plaintiff's property, this would be a complete defense to the present action. Many of the rulings of the criminal court were in conflict with this view, and the result is that the judgment must be reversed.

3. The criminal court also erred in receiving evidence of the difference of value of the lots between the time when the conduit or aqueduct was erected, and the commencement of this suit. This did not and could not furnish a criterion of damages, to which the plaintiff was entitled. He could only recover for the injury done his property after he became the owner. Nor, in the absence of an averment of the fact as special damages, should the plaintiff have been allowed to prove the loss of a tenant of his property, caused by the water-flow.—*Donnel v. Jones,* 13 Ala. 490.

The exceptions in this record are very numerous, but we think what is said above will furnish a sufficient guide on another trial.

Reversed and remanded.