[Arndt v. City of Cullman.]

# Arndt *v.* City of Cullman.

## Action for Damages to Land by Negligent Construction of Sewer.

### [Decided Feb. 13th, 1902.]

1. *Action against municipal corporation for negligent construction of sewer; allegations of complaint.*—Counts in a complaint seeking to recover of a municipal corporation damages for injury to plaintiff's lot by reason of the negligent construction of a sewer, or for allowing the sewer to become filled up, causing the water to be diverted upon plaintiff's lot and sidewalk, sufficiently aver negligence, when they show that it was the duty of the city to keep the sewer in repair or proper condition, or that it was legally bound to do so, and the failure to perform such duty,—where the charter devolves such duty on the corporate authorities.

2. *Same; notice of defective condition of sewer.*—In an action against a municipal corporation for damages to land by reason of the negligent construction of a sewer, or for allowing it to become filled up so as to overflow adjoining property, it is incumbent on plaintiff to aver and prove express notice to the corporate authorities of such defect, or facts from which constructive notice thereof is inferrable.

3. *Same; from what facts constructive notice inferred.*—Constructive notice of a defect in a city sewer may be inferred from its notoriety, and from its continuance for such length of time as to lead to the presumption that proper officers of the city or town knew, or with proper vigilance and care might have known, of its existence.

4. *Municipal charter; judicial knowledge.*—A city charter is a public act, of which the courts take judicial notice.

5. *Municipal corporation; right, under charter, to raise and level sidewalk.*—Under the provisions of a municipal charter giving the municipal authorities power "to cause and procure all sidewalks now established or hereafter to be established to be graded, leveled, and curbed," and "such power as may be needed to compel the abutting property owners to pay the

[Arndt v. City of Cullman.]

expenses and costs of the same, and on failure to pay such amounts, to tax them against the property," etc., the city has no right to compel a property owner to raise and level the sidewalk adjacent to his lot, but has the authority merely to raise it itself and require the owner to pay the cost of doing the work.

6. *Municipal corporation; liability for changing grade of street.*—A municipal corporation is not absolved from damages to one whose lot has been damaged by the overflow of water from a city sewer, by reason of the fact that the plaintiff's lot is below the grade of the street, where the city has so changed the grade as to prevent the natural flow of the water from the street and divert it onto plaintiff's lot.

7. *Action against municipality for damage to lot; evidence as to condition of lot at time of trial.*—In an action against a municipal corporation for damages to plaintiff's lot caused by a negligently constructed sewer, evidence is admissible as to the condition of the lot at the time of trial.

8. *Same; evidence in rebuttal as to rainfall.*—Where a municipal corporation, sued for injury to plaintiff's lot by overflow caused by a defective sewer, has offered evidence tending to show that the rainfall was unprecedented, plaintiff may show in rebuttal that it was not even extraordinary in that section.

9. *Municipal corporations; liability of for overflow of sewers in time of flood.*—A municipal corporation, for the efficiency of its sewers, is bound to make provision for such floods as may be reasonably expected, judging from such as have previously occurred, although at irregular and wide intervals of time, and is not liable for damages caused by unprecedented rains.

10. *Misleading charge properly refused.*—A charge which has a tendency to mislead the jury may properly be refused.

11. *Charge as to contributory negligence, when misleading.*—Where a cause is tried upon issues of negligence and contributory negligence a charge is misleading which instructs the jury that "if the plaintiff proximately contributed to the injury by his negligence he is not entitled to recover."

12. *Degree of proof in civil cases, charge as to.*—A charge in a civil action that "plaintiff must show to your reasonable satisfaction by a preponderance of the evidence," a certain fact, in order to recover, is bad, as belief of the fact to reasonable satisfaction is all that is necessary.

13. *Municipal corporation; liability of for error of judgment in construction of sewer.*—Where plaintiff claims damages for injury to his lot caused by overflow of water from a defectively built sewer, his rights are not dependent on the error of

judgment of the city in respect to constructing a sewer of sufficient size to carry off the water, even if the work on it was done in a skillful manner.

14. *Action against municipal corporation for damages caused by defective sewer; construction of wall by plaintiff to protect his lot.*—Where plaintiff sues a city for damages for injury to his lot caused by overflow from a defectively constructed sewer, after the city had changed the grade of the streets so as to place plaintiff's lot below grade, the city was bound to protect him against overflows caused by its own conduct, and he was not bound to construct a wall to protect his lot.

APPEAL from Cullman Circuit Court.

Tried before Hon. H. C. SPEAKE.

Action by Frank Arndt against the city of Cullman, a municipal corporation, for damages to plaintiff's lot by reason of water flowing upon it from a city sewer which was alleged to have been negligently constructed or allowed to choke up. Each count showed the injury in substantially the same language; but the negligence alleged in the various counts is as follows: Count 1 is "for the failure of the defendant to exercise reasonable care, skill and diligence in keeping a drain or sewer across First avenue west, along or near Second street, in proper condition, which drain or sewer it was legally bound to keep in proper condition;" (count 2) "negligence in allowing" said drain or sewer, "which it was legally bound to keep in a proper condition, to be in a defective condition, of which defective condition defendant had notice;" (count 3) that defendant, "in the construction of a culvert across First avenue west, caused a large quantity of water, which naturally flowed in another direction, to be diverted so as to flow on plaintiff's premises in destructive quantities," etc; (count 4) "failure of the defendant to exercise reasonable care, skill and diligense in the construction of a culvert," etc., "and by reason of the failure of the defendant to construct said culvert properly, large quantities of rain water, which naturally flowed in another direction, were thrown on plaintiff's lot," etc.; (count 6) "defendant negligently allowed its culvert to fill par-

tially from the washings of sand and loose rock and
timber, to obstruct the free passage of water, so as to
be insufficient for the passage of water during rain-
falls," etc.; (count 7) "defendant graded said avenue
and raised the grade thereof above the surface of de-
fendant's (?) said lot from six to eight feet, and by
so doing changed the natural flow of the surface water
that fell and collected on said avenue from its natural
course, and dug a ditch or drain along said avenue
across said street so as to carry said water back into
its natural channel below said lot," etc., "and plain-
tiff avers that said ditch or drain was so negligently
constructed in this, that it was made so small and not
with sufficient capacity to carry off said water, that it
became choked by the washing of dirt, sand or trash
therein, so that the water that collected on said avenue
and flowed thereon could not pass off, and defendant al-
lowed said ditch to remain in the condition until a
large volume of water was collected thereon and caused
said ditch to overflow and cast said water on plaintiff's
lot," etc.; (count 8) substantially the same as 7, with
the addition that "defendant had notice that said ditch
was so choked or clogged," etc.; (count 9) "the failure
of defendant, a municipal corporation, whose duty it
was to keep its drains and sewers in a condition suffi-
cient for the free passage of water, to keep said drain
or sewer in a condition sufficient for the free passage
of water during rain-fall.    *    *    *    ; said city had no-
tice that said drain or sewer was insufficient for the
free passage of water in time of rainfall," etc.; (count
10) substantially the same as 9; (count 11) "defendant,
whose duty it was to keep its culverts in a condition
sufficient for the free passage of water in time of rain-
fall, constructed a culvert which was insufficient for
the free passage of water in time of rain-fall, and caused
a large body of water, which naturally flowed in an-
other direction, to be diverted so as to flow on plain-
tiff's lot," etc; (count 12) substantially the same as
11; (count 13) same as 11, with the addition—"of which
condition defendant had notice;" (count 14) same as
count 6, with the addition that defendant had notice
of said condition of the culvert.    The averments of

[Arndt v. City of Cullman.]

count 15 and 16 appear in the opinion. The fourth plea was as follows: "The plaintiff contributed proximately to the injury complained of in this: that several months prior to the time of the said alleged injury the defendant, in the exercise of authority conferred on them by charter and in compliance with ordinance duly adopted by said defendant, notified said plaintiff to raise and level the sidewalk adjacent to his said lot, which he wholly failed to do, and defendant says that had plaintiff so raised and leveled the said sidewalk it would have prevented the gathering of large quantities of water near to and along said wall and thereby prevented the alleged undermining and overflow of said wall." There were numerous grounds of demurrer to the various counts of the complaint, which it is not deemed necessary to copy. The several charges given at defendant's request and referred to in the opinion are as follows: (1.) "The court charges the jury that if the plaintiff contributed proximately to the injury by his negligence, he is not entitled to recover;" (2). "The plaintiff must show to your reasonable satisfaction by a preponderance of the evidence that the defendant failed to exercise reasonable skill, care and diligence in removing the alleged obstruction in the drain or sewer after it had notice;" (3.) "The court charges the jury that the defendant is not liable for damages for error of judgment honestly made in constructing a sewer of sufficient size to carry away all the surface water, if the same was constructed in a skillful manner;" (4.) "The court charges the jury that on ascertaining whether the wall was weak and insecure, and its weakness contributed to its fall, they can take into consideration the fact that the plaintiff had filled the sidewalk with dirt, and that there had been heavy falls of rain and snow prior to March 1st, 1899, in connection with the fall of rain about March 1st, 1899, together with all the other evidence."

J. B. BROWN and ALVIN AHLRICHS, for appellant, cited *Mayor, etc., v. Ewing,* 116 Ala. 584; *Mayor, etc., v. Starr,* 112 Ala. 105; *City, etc., v. Simmons,* 86 Ala.

[Arndt v. City of Cullman.]

515; *City Council v. Maddox*, 89 Ala. 181; *City of Ev-ansville v. Decker*, 84 Ind. 325, s. c. 43 Am. Rep. 86; *Town, etc., v. McFarland*, 101 Ala. 381; *McMinn v. Town of Cullman*, 109 Ala. 614; 13 Am. & Eng. Ency. Law (2d ed.), 717; *Sabine, etc., R. Co. v. Hadnot*, 67 Tex. 503; *C. & W. R. Co. v. Bridges*, 86 Ala. 451; 24 S. W. Rep. 362; 75 Hun. 479; 67 Tex. 501; 43 Ill. App. 108; *Bader v. City of Cullman*, 115 Ala. 537; *Montgomery v. Wright*, 72 Ala. 411.

BROWN & CURTIS, for appellee, cited Dillon on Munic. Corp. (4th ed.), § 967; *Smoot v. Mayor, etc.,* 24 Ala. 112; *Albritton v. Huntsville,* 60 Ala. 486; 15 Am. & Eng. Ency. Law, 1147, 1191; *Montgomery v. Gilmer,* 33 Ala. 116; 10 Am. & Eng. Ency. Law (2d ed.), 240, 242-3, 249; 92 Tenn. 335; *Huntsville v. Ewing,* 116 Ala. 576; 32 Minn. 319; *Allen v. Boston,* 159 Mass. 324; *Parker v. Loredo,* 9 Tex. Civ. Ap. 221; *Barry v. Lowell,* 8 Allen (Mass.) 127; *Strauss v. Mertief,* 64 Ala. 299; 8 Am. & Eng. Ency. Law (2d ed.), 605.

HARALSON, J.—The complaint consisting of two counts originally, was subjected to demurrer on numerous grounds which were sustained. Thereupon plaintiff amended by adding six other counts, to which defendant demurred on 36 grounds, all of which were sustained. The plaintiff allowed to amend, added eight other counts, to which defendant's counsel interposed 73 grounds of demurrer, which were sustained as to all the counts, except the 15th and 16th. To these two counts defendant filed seven special pleas, besides the plea of the general issue. Demurrers were interposed by plaintiff to all the special pleas, which were sustained excepted as to the 4th. Thereupon the plaintiff took issue, and the case was tried upon the plea of the general issue, and on issue joined on the 4th plea.

Some of the counts proceed for the claim of damages on the alleged negligent construction of a sewer, in that it diverted the water from its natural flow and precipitated it onto plaintiff's lot, doing it great damage;

35s

others for its negligent construction, in that it was too small to carry off the waters let into it, and they were backed onto plaintiff's lot, and still others, that the city allowed the sewer to fill up and become choked with sand, gravel, and dirt, causing the water to back onto plaintiff's lot, doing the damage complained of, of which condition the city had notice and did nothing to prevent it.

The charter of the city is a public act of which courts take judicial notice, as though it had been set out in each count in the declaration.—*Smoot v. The Mayor*, 24 Ala. 112, 121; *Albritton v. Mayor*, 60. Ala. 492.

The charter of Cullman provides, that the mayor and councilmen "shall have full and complete power," among other things, "To have free power and authority to cause and procure all streets, alleys, and sidewalks now established or hereafter to be established in said city to be graded, leveled, curbed, etc.; * * * To have all such power and authority as may be needed to compel the abutting property owners to pay all or such portion of the expense and costs as they may decide, of the same, and on failure or refusal of the property owner to pay such amounts, to tax the same against the property, which tax shall have the lien of and be enforced and collected as other city taxes;" and "To establish, keep in repair, regulate and control drains, gutters, sewers, aqueducts and reservoirs, and to compel lot owners to drain the same [the lot] and ditch it [the lot] at the expense of the owner when the owner fails or refuses after five days' notice to drain or ditch it [the lot]" etc. "To erect, establish and keep in repair bridges and culverts, and to adopt regulations necessary for the same."—Acts 1890-91, p. 160, § 19, subdiv. 11, 12, 35.

In section 24 of the charter, the mayor and councilmen are given the authority to levy and collect each year upon all real and personal property and subjects of State taxation in said city, a tax not exceeding one-half of one per cent of the value of such property or subjects of taxation during the preceding year, etc.

[Arndt v. City of Cullman.]

The city charter having devolved on the corporate authorities the duty of causing streets and sidewalks in said city to be graded and leveled, and to establish, keep in repair, regulate and control drains, gutters, sewers, aqueducts, etc., or cause this to be done, a duty to these ends was thus imposed on the city, and it was only necessary to aver in the complaint the existence of this duty by way of inducement, which is sufficiently certain when it is averred, generally, that it was the duty of the city to keep the sewer in repair or proper condition, or that it was legally bound to do so, or some such equivalent averment.—*City Council v. Wright*, 72 Ala. 411.

It was incumbent on the plaintiff, in order to maintain the action, to aver and prove express notice of the alleged defect in the sewer, or facts from which it might be inferred that the corporate authorities were properly chargeable with constructive notice thereof. "Constructive notice of such defect [however] may be inferred from its notoriety, and from its continuance for such length of time as to lead to the presumption that proper officers of the town or city did in fact know, or with proper vigilance and care might have known the fact."—*City Council v. Wright, supra,* and authorities there cited. The facts stated in some of the counts of the complaint, as we shall see, were sufficient as averments of implied or constructive notice.—*City Council v. Wright, supra; Lord v. City of Mobile,* 113 Ala. 360.

In the *City of Eufaula v. Simmons,* 86 Ala. 515, it was held that if a municipal corporation in the construction of ditches and sewers in the improvement of its streets, causes a large quantity of rain water, which naturally flowed in another direction, to be diverted to flow on the plaintiff's property in destructive quantities, the defendant corporation would be liable in damages for just compensation, whether the work was done negligently or not, and *a fortiori*, when such ditches and drains have been constructed in a negligent manner. In this respect a corporation stands on the same footing as a private individual, and incurs the same liability. 10 Am. & Eng. Ency. Law (2d ed.), 350, 352.

"The accumulation in one channel of a large volume of water by the act of the city, places upon it the duty to see to it that suitable provision is made for the escape of the water into natural water courses or other channels which will carry it off without injury to private property; and if by reason of the insufficiency of the drain or sewer provided, the accumulated waters are cast upon private property to its injury, the city must respond." * * * "If surface water is collected in gutters and made to flow to the mouth of a sewer, where by reason of the insufficiency of the sewer, it accumulates in large quantities and thence flows back upon private property, the municipality must respond in damages."—24 Am. & Eng. Ency. Law, 946, 947.

"A city has no more right to plan or create an unsafe and dangerous condition in one of its public streets than it has to create a public nuisance;" and it may be added that it has no such right in respect to the creation and maintenance of drains and sewers that are insufficient and damaging to abutting property owners.—*Mayor v. Lewis,* 92 Ala. 352; *Mayor v. Starr,* 112 Ala. 98; *Albritton v. The Mayor,* 60 Ala. 486.

In accordance with these principles it was held in the *Ala. G. S. R. R. Co. v. Shahan,* 116 Ala. 302, that a complaint which shows the situation of plaintiff's property, so as to be overflowed from a culvert and damaged, and avers that the culvert was insufficient for the passage of water during rainfalls, and that defendant negligently allowed said culvert to fill up partially by the washing of sand and loose rock in it, which further obstructed the free passage of water through said culvert, by reason of which negligence on the part of defendant the water from said culvert backed over and flooded plaintiff's storehouse, causing injuries compained of, sufficiently avers negligence on the part of defendant.

From the principles above announced, it will appear that counts 1, 6, 7 and 8 are defective, and the demurrers to them should have been sustained; and that those numbered 2, 3, 4, 9, 10, 11, 12, 13, and 14, were

[Arndt v. City of Cullman.]

good and demurrers to them shoud have been overruled.

The issues on which the case was tried arise, first, on the allegations of the 15th and 16th counts in the complaint, charging negligence on the city, which is denied by defendant; and second,—if defendant is shown to have been guilty of negligence,—on the 4th plea, charging contributory negligence on the part of the plaintiff, from which his injuries proximately resulted.

As to the 4th plea, it may be well to state, that under the provisions of the charter, which we have copied above, the city had no right to compel the plaintiff on notice to do so, to raise and level the sidewalk adjacent to his lot, but that they had merely the authority to raise it themselves and require plaintiff to pay for the cost of doing the work; but this question is not raised by demurrer.

The averments of negligence in these counts are that the defendant having power by charter to that end, graded First avenue and raised the grade thereof above plaintiff's lot, from 6 to 8 feet, and thereby changed the natural flow of the surface water that fell, and collected it on First avenue, in time of rainfall, from its natural course; and in order to drain said water from said avenue, the city made a drain on the opposite side of the avenue from plaintiff's lot, in length 100 feet or more, and then across said avenue, so as to carry said water back to its natural channel below plaintiff's lot; that plaintiff, in order to protect his lot from damage by the washing of clay and sand used in the grading of said street, erected a stone wall on his said lot, along First avenue, 6 or 8 feet high by about 100 feet long; that in the construction of said drain by the city on the opposite side of the avenue from plaintiff's lot, the city negligently constructed it of insufficient size to carry off the surface water that collected on First avenue in time of rainfall, opposite plaintiff's lot; that the city constructed a culvert in said ditch across the avenue to carry off this water, and made it so small that it was incapable of carrying off the water that

flowed into it, and by reason of such incapacity, the culvert became totally or partially stopped up with said dirt and trash, and on the 1st of March, 1899, large quantities of water (from rainfall) collected on said avenue and in said ditch or drain and caused the same to overflow, and volumes of water in destructive quantities were cast from the avenue onto plaintiff's lot; that his said wall was undermined and thrown down and quantities of sand and clay were cast on plaintiff's lot, and a large part of its surface and soil were washed away, etc. The foregoing are the substantial averments of negligence and damage as set up in the 15th count.

The 16th like the 15th in other respects, sets up also as negligence that it was the duty of defendant to keep said drain or sewer in proper condition and repair, so that the water that collected thereon in time of rainfall could pass off; and averment is made that said ditch, drain or sewer became choked or stopped up by the washing of sand, dirt or trash therein, so that the water that collected therein in time of rainfall could not pass off, and that although the defendant had notice that said ditch or drain was so clogged or choked, it failed to exercise reasonable care, skill and diligence in removing such obstructions, and allowed the same to remain, although it had reasonable time to clean the same out, until the 1 March, 1899, when large quantities of water collected therein, and caused said drain to overflow and cast the water across the avenue in the manner and with the results set forth in the 15th count.

The contributory negligence of the plaintiff, set up in the 4th plea is, that he was notified to raise the level of his sidewalk to his lot, which he failed to do, and if he had complied with its requirements, the damage complained of would not have occurred.

There were numerous questions raised on the admission and exclusion of evidence. These questions in groups, relate to showing that plaintiff's lot was below the grade of the street fixed and leveled by the city. As to this it may be said that the city was not absolved from damages to plaintiff, by so changing the

grade of said avenue as to prevent the natural flow of the water from the street and diverting it onto plaintiff's lot.—*Town of Avondale v. McFarland,* 101 Ala. 381; *Hughes v. Anderson,* 68 Ala. 280; *Mayor v. Coleman,* 58 Ala. 570; *Mayor v. Jones,* 58 Ala. 684; Cooley on Torts, p. 688, § 520.

Other objections related to the admission of evidence by defendant tending to show the condition of the lot at the time of the trial. Such evidence on another trial should be admitted.

Others still related to the notice or want of it that defendant had as to the condition of the culvert, and the character of the rainfall at the time of the alleged damage.

The defendant sought to introduce evidence tending to show the character of the rain that fell, with the view of showing that it was unprecedented. Plaintiff in rebuttal sought to show that it was not even extraordinary in that section, and questions designed to bring out such evidence were not allowed. It is manifest, that under such conditions the court should have allowed the evidence. A municipal corporation, for the efficiency of its sewers, as has been held, is bound to make provision for such floods as may be reasonably expected, judging from such as have previously occurred, although at irregular and wide intervals of time, and is not liable for damages which could not have been provided for or guarded against by the exercise of ordinary diligence such as unprecedented rains.—10 Am. & Eng. Ency. Law, 243; 13 *Ib.* 714; 24 Am. & Eng. Ency. Law (1st ed.), 948; *Columbus & W. R. Co. v. Bridges,* 86 Ala. 449.

By observance of the principles announced, there should be no difficulty, on another trial, as to questions in the admission and rejection of evidence. It would greatly extend the opinion to consider them separately or even in groups, and we fail to see the necessity for so doing.

The court at the request of plaintiff gave numerous charges, quite as favorable to him as could have been expected. A great many were asked by him and refused,

which we deem it unnecessary to pass on, since counsel make no argument to show the alleged error of the court in refusing to give them.

Under the issues on which the case was tried, while charge 1 may not have been positively incorrect, yet it might have been properly refused, because of its tendency to mislead the jury to assume that the defendant was guilty of negligence.

If charge 2 were otherwise correct, it was rendered bad in postulating that the jury must believe the fact therein stated as necessary to belief, "by a preponderance of the evidence." Belief of the fact to reasonable satisfaction was all that was necessary. Moreover, the fact therein stated as necessary to their belief, while averred in count 16, and if that were the only count, would be necessary to be proved, is not found in count 15, under which the plaintiff might have been entitled to recover, without reference to the proof of this particular fact found in count 16. The charge went only to the latter count, and not to both counts on which the case was tried.

Charge 3 is based on a misapprehension of the issues in the case, and was improper. There is no averment that there was an unskillful construction of the sewer which was of *sufficient* size to carry away the waters. The contention was that the city had constructed a sewer which was of *insufficient* size to discharge the accumulated waters. Moreover, the rights of plaintiff were not dependent on the error of judgment of the city in respect to constructing a sewer of sufficient size to carry off the water, even if the work on it was done in a skillful manner.

Charge 4 is predicated on the idea of plaintiff's having built a weak and insecure wall, whereas, he was not bound to construct any wall at all. In so doing, as the evidence tends to show, out of great caution, and as a voluntary measure of safety, he went to very considerable expense to protect himself against overflows from the street, after the city had graded the streets and done that which threatened him with overflows from waters diverted from their natural channels. The

[Gulf Red Cedar Co. v. Walker.]

city was bound to protect him against overflows caused by its own conduct. The charge was also argumentative, and lays stress on particular phases of the evidence.

No error in the other charges is insisted on.

Reversed and remanded.