CASE 33.—ACTION BY L. D. HARNEY V. CITY OF LEXINGTON
FOR DAMAGES FOR FLOODING HIS PREMISES
WITH WATER.—November 10.

# Harney v. City of Lexington

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

From a judgment of dismissal plaintiff appeals—
Affirmed.

1. Pleading—Construction.—A pleading must be read against the
   pleader.
2. Municipal Corporations—Streets—Improvements—Liability of
   Municipality.—A city must determine when and in what man-
   ner its streets shall be improved, and is not liable merely for
   failing to improve a street, or for suffering it to remain in
   the condition in which it found it.
3. Municipal Corporations—Streets—Improvements—Liability of
   Municipality.—A petition in an action against a city for
   flooding plaintiffs premises which does not show that the
   city made the drain complained of or that it did any act as
   to it, and which permits the conclusion that the drain may
   have been a natural drain which took off the water until it
   became filled up with debris washed into it, states no cause
   of action.

R. S. CRAWFORD for appellant.

J. EMBRY ALLEN for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirm-
ing.

L. D. Harney brought this action against the city
of Lexington to recover damages in the sum of $2,000

for the flooding of his property with water. The circuit court sustained a demurrer to the petition. He declined to plead further, and, the action having been dismissed, he appeals.

The material allegations of the petition are as follows: ''Plaintiff.says that he is the owner of three lots located on Carlisle avenue, in said city, and that on each side of said lots are erected frame cottages. He says that he resides in one of said cottages and leases the other two. He says prior to the injuries hereinafter complained of said lots were dry and not subject to overflow of water, and were well drained by the natural surface and the ditches along said avenue. The plaintiff says it is the duty of the defendant to provide drains and means of carrying away the surface water and waters from rains and melting snow that may be and are collected into the ditches along the streets, and to prevent the same from being thrown onto the property of persons fronting and abutting on its streets. Plaintiff says that during the years 1907 and 1908 the said Carlisle avenue was, and now is, one of the streets in charge and under control of the defendant, the city of Lexington. The plaintiff says that during the latter part of the year 1907, and up to and including the present time, the defendant, through and by its agents, servants, and representatives, had neglected and failed to keep open the ditch or drain in front of plaintiff's property and adjacent thereto along said Carlisle avenue, but have allowed and permitted same to become filled and obstructed with earth, rock, and other debris whereby said drain or ditch was and became obstructed, and was not of sufficient capacity to convey and carry off the water and other substances conveyed and thrown into said ditch, and by

reason thereof the surface water collected in said ditch was thrown onto plaintiff's property in and about his dwelling and tenement houses, and conveying thereon earth, mud, rocks, brush, and other filth and debris collected by the surface waters and thrown into said ditch or drain from the intersecting streets and property of others, covering up the grass, flowers, and his garden, overflowing his cisterns, injuring and damaging the gardens, coal and wood houses, and other outbuildings, leaving the ground wet and muddy, and creating foul and disagreeable odors poisoning the air in and about his residence, causing sickness to himself and his family, and rendering his tenement houses untenantable and greatly affecting the market value of his property.''

In Thoman v. Covington, 62 S. W. 721, 23 Ky. Law Rep. 117, this court said: ''If the surface water accumulated at the point in question and overflowed her premises independent of any act of the city, she could not maintain an action against it therefor. The city must do some act which produces the injury to enable the injured party to recover against it. The sewers may have been inadequate to carry off the surface water which accumulated, still may not have had anything to do with it collecting at the point in question. To maintain an action, it was incumbent upon her to show that the sewers, not only failed to carry off the surface water so as to relieve her premises from it, but that they were the cause of it accumulating there.'' Again in Campbell v. Vanceburg, 101 S. W. 345, 30 Ky. Law Rep. 1343, the court said: ''When territory within a city is permitted by the authorities to remain in the condition it was when annexed—in other words, if the city does not undertake to make improvements or changes or alterations in

existing improvements, or to build streets, sidewalks, drains or gutters, or reconstruct old ones—it will not be liable for any damage caused by the overflowing of the premises, because, if it has not interfered in any way with the natural condition of affairs, the overflow cannot be attributed to its act. A city is not liable for its failure to make new improvements or alter or reconstruct old ones. It may leave things just as it found them."

It will be observed that the petition does not show that the city made the drain complained of, or that it did any act in relation to it. For all that appears in the petition which must be read against the pleader, the drain may have been simply a natural drain or slope of the surface of the ground, which took off the water until it became filled up with debris washed down into it. The city must determine when and in what manner its streets shall be improved, and, while it is responsible to the property owner for the damages done by insufficient improvements which it makes, it is not liable merely for failing to improve the street or for suffering it to remain in the condition in which it found it. The circuit court therefore properly sustained the demurrer to the petition.

Judgment affirmed.