## CITY OF BIRMINGHAM v. KIRCUS.
### (6 Div. 301.)

(Court of Appeals of Alabama. April 8, 1924.)

**1. Municipal corporations ⊕═══733(2)—Municipality liable for negligence in discharging duty to construct sewers.**

A municipal corporation acts ministerially and is responsible for actual damages caused by negligent manner in which it discharges its duty in erecting and maintaining sewers and drains.

**2. Negligence ⊕═══111(1)—Allegation in general terms sufficient.**

Negligence in the performance of a duty may be alleged in the most general terms without defining the quo modo.

**3. Municipal corporations ⊕═══845(2)—Complaint for negligence in constructing sewer held sufficient.**

In action for negligent construction and maintenance of a sewer, complaint held to sufficiently allege wherein city negligently constructed or maintained the sewer.

**4. Pleading ⊕═══406(9)—Misjoinder of causes corrected by ruling on admission of evidence and instructions.**

Misjoinder of causes of action in that damages were claimed as to real estate and also to the health of the plaintiff was corrected by subsequent rulings of the court on admission of evidence and in its charge to the jury.

**5. Municipal corporations ⊕═══845(2)—Complaint held to sufficiently aver flow of water would not have been received under natural conditions.**

In an action against a city for negligent construction and maintenance of a sewer, held, that it sufficiently appeared from averments of complaint that the property of the plaintiff received a flow of water which it would not have received under natural drainage conditions.

**6. Municipal corporations ⊕═══845(2)—Complaint held sufficient as to filing of claim.**

Complaint in action against city for damages occasioned by negligent construction and maintenance of a sewer held not subject to the objection that averments failed to show that more than 10 days before the institution of the suit and within 90 days from the time plaintiff suffered her alleged personal injuries that she filed with the clerk or corresponding officer a sworn statement of her damages, etc.

**7. Municipal corporations ⊕═══845(2)—Permission to maintain sewer as defense to action for overflow must be pleaded.**

That defendant city acquired from a former owner the right to build and maintain a sewer as built, and such sewer was there when plaintiff bought the lot, and there was no change in the structure or negligence in its maintenance so as to increase the flow of water, must be pleaded and proved if relied on as a defense to an action for damages from overflow.

**8. Evidence ⊕═══353(8)—Deed containing incorrect recital held admissible in action for injuries to lot.**

In an action for injuries to a lot through negligent construction and maintenance of a sewer, court did not err in admitting plaintiff's deed to the lot in question, though the description of the deed began, "A lot fronting 50 ft.," etc., where the language immediately following in the same paragraph corrected this, and correctly described the lot described in the complaint.

**9. Appeal and error ⊕⟶1050(I)—Evidence as to damage to house resulting from negligent construction and maintenance of sewer held not prejudicial error.**

In action for damages for negligent construction and maintenance of a sewer, there was no prejudicial error in testimony that the costs of repairing plaintiff's house as a result of the damage was $3,500; such not being the measure of damage to which plaintiff was entitled, but tending to shed some light on the true damage.

**10. Evidence ⊕⟶358—Map made by competent engineer admissible.**

A map made by a competent engineer, showing location, contour, and topography of premises involved in a suit, is, when testified to by him as being correct, admissible in evidence in aid of a proper understanding of the testimony.

**11. Appeal and error ⊕⟶1060(4)—Trial ⊕⟶ 119—Argument of counsel as to punitive damages not in issue held erroneous and prejudicial.**

In action against city for damages for negligent construction and maintenance of a sewer, argument of plaintiff's counsel, "You are the ones to make the great city of Birmingham stop imposing on the people as shown in this case; you only can punish the city, and you are to take it home to yourselves and put yourselves in the position of this plaintiff, and do by her as you would be done by," etc., *held* erroneous in that no punitive damages were recoverable in the suit and none were prayed for, and such argument was also prejudicial. and not cured by reducing the damages.

**12. Waters and water courses ⊕⟶176—Right of action where injury is recurring.**

When damage caused by erection of a dam or sewer diverting or concentrating the water from its natural flow is recurring, the right of action for each recurring injury is in the owner of the land at the time the injury results.

**13. Waters and water courses ⊕⟶178(2)—Measure of damages for injury to land from overflow.**

Where injury to land caused by erection of dam or sewer diverting or concentrating water from its natural course is permanent by a casual or recurrent overflow of water on land, the measure of damages is the difference between the market value of the land with and without the injury at the time thereof; but, in cases of temporary or occasional injuries, and where the damage may be repaired at less costs than the diminution in value, the measure of damages is the cost of restoring the land to its former condition.

**14. New trial ⊕⟶102(I)—For newly discovered evidence requires diligence.**

Parties may have a new trial for newly discovered evidence only where they have shown diligence in an effort to prepare their cases with respect to the evidence offered.

Appeal from Circuit Court, Jefferson County; Dan. A. Greene, Judge.

Action for damages by Lenner Agnes Kircus against the city of Birmingham, for negligent construction and maintenance of a sewer. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint is as follows:

"Plaintiff claims of the defendant the sum of $1,000 as damages, for that heretofore, on, to wit, the 24th day of December, 1921, the defendant was at that time and still is a municipal corporation, and as such it was its duty to keep its drains or sewers in a condition sufficient for the free passage of water, including any waters which were or might have been diverted from its natural flow by reason of any acts of the defendant. and it was its further duty not to divert water in large quantities from its natural flow in such a manner as to cause the overflow of the property of the plaintiff hereinafter described, and to exercise reasonable care, diligence, and skill in so constructing and maintaining its drains or sewers on or across Spring street otherwise known as Forty-First street, in the city of Birmingham, Ala., also on or across Fifth Avenue North near the point where Spring street or Forty-First street and said Fifth avenue intersects, in front of the home of the plaintiff, No. 4003 Fifth Avenue North, in the city of Birmingham, Ala., in such a manner as not to divert rainwater in large quantities from its natural flow and thereby causes the same to overflow the property of the plaintiff hereinafter described in times of rainfall; that this duty the defendant on the date aforesaid negligently failed to perform, and by reason of the failure of the defendant to exercise reasonable care, diligence, and skill in so constructing and maintaining said drain or sewer as not to divert rainwater in large quantities from its natural flow, and thereby cause the same to overflow the property of the plaintiff hereinafter described in times of rainfall, the plaintiff was damaged in this:

"This on or about December 24, 1921, rainwater ran into and near said drain or sewer on Fifth Avenue North, in front of the property of the plaintiff in large quantities, and was thereby diverted from its natural course and cast in large bodies or quantities on the following described property situated in the city of Birmingham, Jefferson county, Ala.. to wit: Lot fronting 30 feet on the southern side of the Fifth avenue macadamized road in section 29, township 17, range 2 west; particularly described as beginning at a point on the southern side of said road 220 feet east of the intersection of said line with the west line of said section 29, and continue thence east along the southern line of said road 30 feet; thence south at right angles 140 feet; thence west at right angles 30 feet; thence north at right angles 140 feet to the point of beginning; and being the east 30 feet of the lot conveyed to M. S. Mashead by King Land & Improvement Company on the 5th day of August, 1907—of which property plaintiff was seized and possessed, whereby the fence located on the property of the plaintiff on the western side thereof was torn down or washed down and destroyed; large quantities of dirt or earth was washed off of said lot, thereby destroying the western surface of said premises, and washing out such

---

⊕⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

large portions of said surface as to greatly weaken the pillars or other support of the house as to cause the house to sink or sag to such an extent in certain parts as to cause the house to crack and to be otherwise damaged; that by reason of said overflow and the condition of the property caused by said overflow the plaintiff has been greatly inconvenienced and annoyed, her home made a less desirable place in which to live; that by reason of said overflow and the condition of the property caused by said overflow the plaintiff has been made sick and put to great expense in paying doctor's bills, and in buying medicine, and that the condition of her premises has been and is otherwise hurtful to the personal well-being of the plaintiff; that the negligence aforesaid of the defendant was the proximate cause of the injuries and damage to the plaintiff.

"And plaintiff avers that said city had notice that said drain or sewer was negligently constructed and maintained in such a manner as to cause large quantities of rainwater to be diverted from its natural course and to overflow said property of the plaintiff in time of rainfall. And plaintiff avers that more than 10 days before the commencement of this suit and within 90 days from the receipt of the injuries herein complained of she filed with the city clerk of the city of Birmingham, Ala., a municipal corporation, a sworn statement, stating that she was damaged, and further stating substantially the manner in which the damage claimed in this suit was sustained and the day, the time, and place thereof, and the place where the wrong complained of occurred and further stating with substantial accuracy the nature and character of the injuries received and the damages claimed by the plaintiff, and the street and house number where the plaintiff resided at the time of filing the statement."

To the complaint defendant demurred on these grounds:

"(1) For that the averments of said count fail to set forth a cause of action against the defendant.

"(2) For that the averments of said count fail to allege the breach of any duty owing by the defendant to the plaintiff.

"(3) For that aught that appears from the averments of said count plaintiff bought the property alleged to have been damaged knowing full well the then condition of said sewer.

"(4) For that aught that appears from the averments of said count the defendant has not performed any act relative to the said drain or sewer since plaintiff purchased her said property.

"(5) For that the averments of said count set forth a misjoinder of causes of action therein in this: That damages are claimed as to real estate and also to the health of the plaintiff.

"(6) For that aught that appears from the averments of said count the property of the plaintiff at the time complained of received the flow of water which it would have received under natural drainage conditions.

"(7) For that it fails to appear from the averments of said count wherein the city negligently constructed or maintained said drain or sewer, except from the conclusion of the pleader unsupported by sufficient facts.

"(8) For that it fails to appear from the averments of said count, except by way of conclusion, of the pleader, and sufficient facts are not alleged in support thereof, that more than 10 days before the institution of this suit, and within 90 days from the time plaintiff suffered her alleged personal damages, that she filed with the clerk of the defendant or its corresponding officer a sworn statement of her damages, and stating the negligence of the defendant causing the same, as is required by law as a condition precedent to the institution of this suit."

W. J. Wynn and W. M. Woodall, both of Birmingham, for appellant.

The complaint should have alleged sufficient facts to show where the city was negligent. - Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562. It must appear from the complaint that plaintiff was the owner of the property at the time of the alleged construction of the sewer. Montgomery v. Townsend, 80 Ala. 489, 2 South. 155, 60 Am. Rep. 112; Union Springs v. Jones, 58 Ala. 654; Evans v. Savannah, 90 Ala. 54, 7 South. 758. Where permanent injury is done to land by the casual or recurrent overflow of water, the measure of damage is the difference in value of the premises with and without the injury. Int. Agri. Corp. v. Abercrombie, 192 Ala. 50, 68 South. 873. The argument of counsel for plaintiff was prejudicial to defendant. Montgomery v. Gilmer, supra; Mo. Pac. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; Bennett v. Marion, 102 Iowa. 425, 71 N. W. 360, 63 Am. St. Rep. 454; Costich v. Rochester, 68 App. Div. 623, 73 N. Y. Supp. 835; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; Brotherhood of Painters v. Trimm, 207 Ala. 587, 93 South. 533.

John W. Altman and Jerone Edmundson, both of Birmingham, for appellee.

The complaint was sufficient; authorities cited by appellant are inapt. The argument objected to was not cause for reversal. Eufaula v. Simmons, 86 Ala. 515, 6 South. 47. -

SAMFORD, J. [1-7] It is now the established law of this state, based on "reason, demanded by justice and supported by a preponderance of authority," that a municipal corporation acts ministerially, and is responsible for actual damages caused by the careless and negligent manner in which it discharges its duty in erecting and maintaining sewers and drains for the control of water falling or flowing on its streets. City Council of Montgomery v. Gilmer et al., 33 Ala. 116, 70 Am. Dec. 562. And it has many times been held by this court and by the Supreme Court that negligence in the performance of a duty charged in a complaint may be alleged in the most general terms, without defining the quo modo. S. A. L. Ry. v. Emfinger, 16 Ala. App. 265, 77 South. 415. That

part of the decision in the City of Montgomery Case, supra, quoted by appellant in brief, has no application to the case at bar. The question in that case was whether the allegation that the act was wrongful and unjust, was a conclusion of law, while here the allegation is negligence. In the case cited the court drew and pointed out this distinction. The first and second grounds of demurrer were general and the seventh was not well taken. Any error that may have been by reason of the fifth ground was corrected by the subsequent ruling of the court on the admission of the evidence and in its charge to the jury. The allegations of the complaint meet the objections claimed in the sixth and eighth grounds. As to the third and fourth grounds, it is alleged in the complaint that the injury occurred at a time when plaintiff was the owner. While it is the law that, if a former owner of the lot gave to the city or the city acquired by condemnation or other legal method from a former owner the right to build and maintain the sewer as built, and it did so build and continued to maintain same, and such sewer or drain was there when plaintiff bought the lot, and there was no change in the structure or negligence in its maintenance so as to increase the flow of water, the plaintiff could not recover in this action; but this is expressly held to be a defense, and must be pleaded and proved. Mayor and Councilmen of Union Springs v. Jones, 58 Ala. 654. However, for the city to have acquired the right to build and maintain a sewer diverting and concentrating water in increasing quantities onto property, to its damage, without being liable in a proper suit, the right must have been legally acquired, either by condemnation, as in City of Montgomery v. Townsend, 80 Ala. 489, 2 South. 155, 60 Am. Rep. 112, or by purchase or gift, as in Mayor, etc., v. Jones, 58 Ala. 654; Mayor v. Coleman, 58 Ala. 570. The demurrer to the complaint was properly overruled.

[8] The court did not err in admitting plaintiff's deed to the lot, in evidence. While the description in the deed begins, "A lot fronting 50 feet," etc., the language immediately following in the same paragraph corrects this, and correctly describes the lot described in the complaint.

[9] There was no prejudicial error in the court's ruling permitting the witness Kircus to testify that the costs of repairing the house as a result of the damage was $35. This is not the measure of damage to which the plaintiff is entitled, but would tend to shed some light as a basis upon which the true damage might be ascertained. Even if this was technical error, there could be no prejudice to defendant as to its substantial rights.

[10] A map made by a competent engineer showing the location, contour, and topography of the premises involved in the suit is, when testified to by him as being correct, admissible in evidence in aid of a proper understanding of the testimony. Sudduth v. Central R. R. Co., 201 Ala. 56, 77 South. 350; Greenwood Café v. Walsh, 15 Ala. App. 519, 74 South. 82; Humes v. Bernstein, 72 Ala. 546.

[11] In his closing argument to the jury one of plaintiff's counsel made use of the following appeal to the jury:

"Gentlemen of the jury, you are the ones to make the great city of Birmingham stop imposing on the people as shown in this case; you only can punish the city, and you are to take it home to yourselves and put yourselves in the position of this plaintiff, and do by her as you would be done by, and if you don't I tell you that within the next 24 hours you likely will be the next victim of the imposition of the city, and then don't come around and cry about it, because if you find for the defendant in this case you thereby stamp your approval upon these impositions by the city of Birmingham."

This excerpt was objected to by defendant, and exception reserved. The action of the court in overruling this objection was also made one of the grounds for a new trial. Punitive damages were not recoverable in this suit. City Council of Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562. Such damage was not claimed in the complaint, and the court correctly charged that the city was not liable to punishment, and that the only damage recoverable was and must be compensatory. The argument of counsel was therefore uncalled for, unwarranted, and illegal, and should have been excluded at the time it was uttered. The foregoing being admitted, the question is how far the subsequent action of the court cured the error, or, if not cured, did the argument used probably affect the result of the trial. The effort of counsel was to impress upon the jury that the government of Birmingham was unjust and tyrannical. The verdict returned by them was for $500, which the court recognized as grossly excessive by reducing by half, and the plaintiff recognized by accepting the reduction and entering a remittitur. There was no effort made by the court to eradicate from the minds of the jury the evil effect of the argument on the minds of the jury. There can be no doubt that the jury was led by some influence aside from the charge of the court and the evidence as given on the trial to return a verdict in excess of compensatory damages. So far as this record shows, the argument above quoted is the only other influence in the trial. The error was prejudicial, and its assignment was good ground for new trial. Brotherhood of Painters, etc., v. Trimm, 207 Ala. 587, 93 South. 533; B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037. The trial judge recognized this, and attempt-

ed to cure the harm done by himself fixing the recovery at $250, being the lowest estimate of damage as testified to by plaintiff's witness, but who can say that the influence did not enter into verdict in its finding for the plaintiff?

[12, 13] When the damage caused by the erection of a dam or sewer diverting or concentrating the water from its natural flow is recurring, the right of action for each recurring injury is in the owner of the land at the time the injury results. 27 R. C. L. p. 1117, § 47, note 14. Where the injury is permanent, by a casual or recurrent overflow of water on land, the measure of damages is the difference between the market value of the land with and without the injury at the time thereof. I. A. Corp. v. Abercrombie, 192 Ala. 50, 68 South. 873. But in cases of temporary or occasional injuries, and where the damage may be repaired at less costs than the diminution in value, the measure of damages is the costs of restoring the land to its former condition. 27 R. C. L. p. 1122, § 51, note 2; Sloss-S. S. & I. Co. v. Mitchel, 181 Ala. 576, 61 South. 934. There was evidence as to this cost, and hence charges based upon a contra theory were properly refused.

[14] Parties are only entitled to a new trial on the ground of newly discovered evidence where they have shown diligence in an effort to prepare their cases with respect to the evidence offered. Granting that the evidence tendered as newly discovered evidence is relevant and admissible, the defendant had the records, and defendant's engineer might have made a survey of the premises as well before as after the trial.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.