(122 So. 664)

### AYCOCK v. CITY OF DECATUR.
### (8 Div. 934.)

Supreme Court of Alabama. May 30, 1929.

488

G. O. Chenault and Tennis Tidwell, both of Decatur, for appellant.

W. W. Callahan, of Decatur, for appellee.

SAYRE, J. ■ Demurrer to counts 1 and 2 of the complaint was sustained. It is to be inferred that the court sustained the ground of demurrer which alleged that the negligence charged was not shown to be the proximate cause of plaintiff's injury, or substantially that—this because the demurrer to

counts 3 and 4, identical with 1 and 2, except that an allegation of proximate relation was added, was overruled. Whatever may be said of counts 1 and 2, plaintiff had advantage under counts 3 and 4 of every allegation of the first two; proof of proximate cause being necessary in any case. The error, if any, was harmless.

The purpose of the pleader in framing count 5 was to state a cause of action without alleging negligence. The reliance for a finding of error is upon the fact that water was diverted from its natural flow and concentrated at a certain place whence it overflowed the curb and upon plaintiff's property. Eufaula v. Simmons, 86 Ala. 515, 6 So. 47; Arndt v. Cullman, 132 Ala. 540, 31 So. 478, 90 Am. St. Rep. 922, and 43 Corpus Juris, p. 1145, § 1905, are cited as authorities for this phase of appellant's case. Rulings on counts similar to the fifth, but with the addition characterizing what was done by the city as negligence, or negligently done, indicate that the absence of the charge of negligence induced the court to rule against the sufficiency of this count. In Arndt v. Cullman it seems to have been held that a municipal corporation is liable in damages, where it so changes the grade of a street as to prevent the natural flow of surface water from the street and diverts it onto plaintiff's property, and in Avondale v. McFarland, 101 Ala. 381, 13 So. 504, in view of constitutional provisions, it was held that to so change the grade of a street as to prevent the natural flow of water away from the adjacent property rendered the municipality liable. The count under consideration, if we understand it, charges the damage to plaintiff's stock of goods in his cellar to the fact that the municipal authorities caused a concentration of water at a point whence it overflowed onto plaintiff's property by paving the street so that the water, instead of being in part at least absorbed by the soft and porous soil flowed along the surface of the street and overflowed upon plaintiff's premises. The court is of opinion that, since the municipality has no control over the ordinary flow of surface water, its concentration at the place from which it is alleged to have overflowed upon plaintiff, unless brought about by negligence on the part of the municipality in providing for its flow in an artificial channel, would not impose liability, and, therefore, that the demurrer was properly sustained. 43 Corpus Juris, 1143. So of counts 6 and 7. Count 7 adds to count 6 an allegation that defendant negligently failed to maintain a sewer of sufficient size and capacity to carry away the water. Inspecting this count narrowly as the trial court had a right to do in response to the grounds of demurrer taken against it, the count is open to the criticism that it fails to allege that defendant maintained a sewer of any description, and for that reason, since defendant was not under duty to provide an artificial sewer, but only, having undertaken to do so, to provide a sewer fit and sufficient for the purpose (Birmingham v. Crane, 175 Ala. 90, 100, 56 So. 723), the demurrer was properly sustained. Code, § 2029; Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771.

But we see no objection to counts 8 and 12, the demurrers to which should have been overruled. The facts alleged, we think, sufficiently show a duty on the part of defendant to maintain a fit and sufficient sewer.

Damour v. Lyons City, 44 Iowa, 276, is authority for the proposition that the court erred in overruling the demurrers to special pleas of contributory negligence numbered 2 and 3. It is there held, in a case similar to this, that plaintiff's building being used as a store, he had the right to make such use of it as would prove most profitable to him, and that the defendant had no right by its wrongful act to deprive him of the use of his property, nor to require him to forego the use of his cellar for no better reason than that the negligence of defendant had made it a place the use of which might be attended with loss. Arndt v. Cullman, supra; 43 Corpus Juris, p. 1158, § 1915.

We find no error in the rulings on special charges given at the request of defendant.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.