(126 So. 616)
### CITY OF BIRMINGHAM v. NORWOOD.
6 Div. 465.

Court of Appeals of Alabama.

Oct. 29, 1929.

Rehearing Denied Nov. 19, 1929. As Modified On Rehearing March 4, 1930.

444

Horace C. Wilkinson, of Birmingham, for appellant.

Oscar Metz and Marvin Woodall, both of Birmingham, for appellee.

BRICKEN, P. J.

Action by J. M. Norwood (appellee) against the city of Birmingham (appellant) for damages caused by stoppage or obstruction of sanitary sewer of city of Birmingham, whereby the basement in plaintiff's home was flooded with water, etc.

.The plaintiff's home was situated in that part of Birmingham known as West End, and which was formerly the town West End. The undisputed evidence showed that the particular sewer which became obstructed was "built by the Elyton Land Company before West End came into Birmingham, so that part of the sewerage system was inherited by the City (of Birmingham) when the greater Birmingham bill was passed and their control passed to the City of Birmingham." The town of West End was annexed to the city of Birmingham in 1909 by legislative enactment, Acts Sp. Sess. 1909, p. 392. There was no evidence that the city of Birmingham, since the annexation of West End, had changed the condition of this sewer, or had made or undertaken to make any changes, improvements, or alterations in the sewer, or to reconstruct the sewer.

█ █ It is settled in this state that, in the exercise of its statutory powers to construct and maintain a system of sewers and drains, a municipal corporation acts ministerially, and that, for damages proximately resulting from negligence in the construction or maintenance of sewers and drains, a municipal corporation must respond in damages to the injured party. City of Birmingham v. Kircus, 19 Ala. App. 614, 99 So. 780. City of Montgomery v. Stephens, 14 Ala. App. 274, 69 So. 970; Ginzler v. City of Birmingham, 6 Ala. App. 666, 60 So. 976; Bieker v. City of Cullman, 178 Ala. 662, 59 So. 625; Arndt v. City of Cullman, 132 Ala. 540, 31 So. 478, 90 Am. St. Rep. 922. And an action for damages

for negligence in the construction or maintenance of a drain or sewer cannot be defeated on the ground that it was for the benefit of the public health. Montgomery v. Stephens, supra.

Appellant relies upon the court's rulings in the cases of Campbell v. City of Vanceburg (Ky.) 101 S. W. 343, and Harney v. City of Lexington, 130 Ky. 251, 113 S. W. 115, to exempt it from liability. But the doctrine asserted in those cases seems to be isolated and without support in other jurisdictions. It is contrary to the decisions of our Supreme Court in the case of Ivey v. City of Birmingham, 190 Ala. 196, 67 So. 506. We are of the opinion, and therefore hold, that the city of Birmingham was under the same duty with reference to the maintenance of the sewer in question as if the city of Birmingham had itself constructed it.

The complaint alleges that, as a proximate consequence of an obstruction or stoppage in the city's sewer, the basement of plaintiff's home, which was served by the city's sewer, through a private sewer running from plaintiff's home to the city sewer, was flooded with water and foul sewerage, etc., to a depth of several feet. In an attempt to charge liability to the city for said injuries, the plaintiff alleges "that said stoppage or obstruction was the proximate consequence of said city's negligence in not exercising reasonable care to keep said city sewer free of stoppage or obstruction, or in failing to remove said stoppage or obstruction within a reasonable time after plaintiff informed it of said flooding of his said premises."

Actionable negligence is thus attempted to be set forth by alternative averments of negligent conduct. Appellant, by appropriate demurrer, challenged the sufficiency of each of the alternatives. Where a complaint sets out the grounds of recovery in the disjunctive, each alternative allegation must be sufficient. Donaldson v. Foreman, 213 Ala. 232, 104 So. 406.

It was incumbent upon the plaintiff, in order to maintain the action, to aver and prove express notice of the alleged defect in the sewer, or facts from which it might be inferred that the corporate authorities were properly chargeable with constructive notice thereof. Arndt v. City of Cullman, 132 Ala. 540, 31 So. 478, 90 Am. St. Rep. 922. And each of the alternative averments of negligence must be sufficient to meet this test. Courts will not presume that parties have a better case or a better defense than that which they state in their pleadings. Scott v. Scott, 202 Ala. 244, 80 So. 82.

The requirement of notice, of course, has no application where it is alleged that the injuries were received as a proximate consequence of a negligent construction of the sewer, as was the case in City of Jasper v. Barton, 1 Ala. App. 472, 56 So. 42; City of Birmingham v. Kircus, 19 Ala. App. 614, 99 So. 780; and Aycock v. City of Decatur, 219 Ala. 486, 122 So. 664.

The second alternative allegation of negligence is sufficient to show notice to the defendant of the alleged obstruction or stoppage, but we are of the opinion that under the decision of the Supreme Court in Arndt v. City of Cullman, 132 Ala. 540, 31 So. 478, 90 Am. St. Rep. 922, the first alternative allegation of negligence is insufficient. In that case the allegations of negligence the same in substance and almost identical in terms with the plaintiff's first alternative in the instant case were held insufficient to show notice to the corporate authorities of the obstructions in the sewer.

In that case, count 1, claiming liability "for the failure of the defendant to exercise reasonable care, skill and diligence in keeping a drain or sewer across First Avenue West, along or near Second Street, in proper condition," and count 6 asserting liability for that "defendant negligently allowed its culvert to fill partially from the washings of sand and loose rock and timber, to obstruct the free passage of water, so as to be insufficient for the passage of water during rainfalls," etc., were held defective for failure to sufficiently allege notice to the corporate authorities of the existence of the improper condition or obstruction of the sewer.

We therefore hold that the trial court erred in overruling the demurrer to the complaint, challenging as it did the insufficiency of the complaint in the respect above mentioned.

Among the items of damages claimed by the plaintiff was a hotel bill alleged to have been incurred by the plaintiff in the housing of himself and members of his household during a time when his home was uninhabitable as a result of the sewerage in the basement of his home. Over appropriate objection and exception of the defendant, the plaintiff was allowed to prove this expenditure. And no subsequent proof being made that the expenditure was reasonable for the hotel service received, defendant moved the exclusion of this testimony, which motion was denied and defendant excepted. Assignment of error is made of these rulings, and also of the action of the trial court in refusing to give to the jury written charges numbers 27 and 28, requested by defendant, which were instructions that the jury could not award the plaintiff damages for hotel expenses. Conceding, but not deciding, that the hotel bill was a recoverable item of damages if proven to be necessary and reasonable, it is clear that no recovery could be had unless the expense was proven to be reasonable in amount for the hotel service received. Birmingham Amusement Co. v. Norris, 216 Ala. 138(7), 112 So. 633, 53 A. L. R. 840; Central of Georgia Ry. Co. v. McNab, 150 Ala. 332, 43 So. 222;

Tutwiler C. C. & Iron Co. v. Turvin, 158 Ala. 657, 48 So. 79; Walker v. Gunnels, 188 Ala. 206, 66 So. 45; Tomme v. Pullman Co., 207 Ala. 511, 93 So. 462. No proof of the reasonableness of the hotel expense being made, no recovery for that expense could be had. Conformably to the rule laid down in Birmingham R., Light & Power Co. v. Moore, 148 Ala. 115, 123, 42 So. 1024, 1027, where it was said: "And, if no evidence was offered to show reasonableness of such services, the defendant should have moved the court to exclude the evidence, or should have asked a charge excluding such services as an element of damages," we hold that the refusal of defendant's charges 27 and 28 constituted reversible error.

Reversed and remanded.

### On Rehearing.

PER CURIAM.

The decision rendered by the Supreme Court on certiorari January 25, 1930, 126 So. 619,[1] denied the writ prayed for, but had the effect of holding that the only error shown by the record necessitating a reversal of the judgment of the lower court from which this appeal was originally taken was the failure of the lower court to give, at the request of the defendant, certain written charges, to the effect there could be no recovery by plaintiff for his claimed hotel expenses, which amounted, as shown by the undisputed evidence, to be $22.50, for the reasons stated in the opinion by this court. This being the only error, as now ascertained, we are of the opinion, and so hold, that the judgment appealed from be now affirmed, conditioned however upon the appellee accepting a remittitur of damages included in the judgment appealed from, to the extent of the said $22.50 covering the improper element of damage referred to the jury. If said remittitur is not made by the appellee within 15 days after the rendition hereof, the cause will stand reversed and remanded. But if made and accepted in accordance herewith, the case is affirmed. Each party will pay half of the cost of these proceedings, and the cost of the case will be assessed equally against appellant and appellee.

Affirmed conditionally.

